AGUR JUDSON, ADMINISTRATOR, *vs.* NEW YORK & NEW HAVEN RAILROAD COMPANY.

A railroad company constructed its road across the main street of a village, about a foot and a half above the level of the street. The street was twelve rods wide, with two traveled paths, one on each side of the street, and an open common between. The company was required by its charter to restore any highway intersected, so as not to impair its usefulness. The company put the two traveled tracks in proper condition for passing with vehicles, but made no other crossing. About midway between the two paths they constructed a culvert under the timbers of the track, to let the water accumulating from rains pass through, which was left uncovered. A person walking across the street upon the railroad track, at a time when the culvert was filled with snow and could not be seen, fell into it and was injured. Held, that the railroad company was liable for the injury.

ACTION on the case, for an injury to the testator of the plaintiff, through the negligence of the defendants, resulting in his death; tried to the jury on the general issue.

The defendants under the authority of their charter had located and constructed their railroad across the main street of the village of Stratford, and thence along a lane that ran into the street. The street was about twelve rods wide, and had two traveled paths in it near the outside of the street, the intervening space being an open common, used in part as a parade ground and in part as a play ground for the children attending school at a public school-house which stood upon it. The charter of the defendants required them, where the location of their railroad intersected any highway, " to restore

such highway to its former state, or in sufficient manner not to impair its usefulness." They had thus restored the two traveled tracks mentioned, but not the whole of the highway. The railroad track was raised a little above the surface of the highway, and in consequence impeded the flow of water, caused by rains and the melting of snow, along the street, as it had been accustomed to escape, and to remedy this difficulty the defendants, sometime after the road was constructed, made an open culvert under the track of the railroad, about midway between the two traveled tracks of the highway, forty-two inches wide and twenty-one deep, which had over it only the open ties of the road, but which was covered with planks by the defendants immediately after the injury for which the present suit was brought.

The deceased, who was eighty-eight years old, was passing in the day time across the street, having come down the lane to the point where it intersected the street, and there taking the railroad track, a foot path near by being obstructed by snow. While walking along the track he fell into the culvert, which was filled with snow so as not to be seen, and was so injured by the fall that he died about four weeks thereafter.

The defendants claimed that they had done their whole duty in putting the two traveled paths in the street in a proper condition, and that they were not bound to make the whole width of the street passable, and especially claimed that they were not bound to keep the culvert covered for the accommodation of people traveling, not across, but upon and along the track of the railroad, and that the public had no right to travel upon the track on foot, or otherwise than in conveyances of the defendants, and that if they did it was at their own hazard and the defendants were not responsible for any injuries they might receive in so doing ; and they requested the court so to charge the jury.

The court charged the jury that the defendants had the right to locate and construct their railroad track so as to intersect the street in question, but in doing so they were bound to restore the highway to its former state, or in a sufficient manner not to impair its usefulness ; that this did not

imply that the highway must be put in the precise condition it was in before the railroad was built; nor that the right of the railroad company was to be exercised in subserviency to the right of the public to the highway; but that, in granting to the company the power to construct their track across this highway, it was intended that the company should exercise the right reasonably and in such manner as effectually to carry out the objects the company had undertaken, and at the same time not seriously to disturb or obstruct the public travel upon the highway; that the question in this part of the case was—had the railroad company, in the construction of their track, and the provision which they made for the public travel, acted reasonably, and so as not to seriously impair the usefulness of the highway; that the defendants having located their track across a public highway in a village, were bound so to construct it that the inhabitants of such village, and others, as occasion might require, might safely cross the highway, which they might do along and upon the track; and if, in so doing, in the exercise of ordinary care, any person should receive injury in consequence of the culpable carelessness and negligence of the defendants in constructing the track, he would be entitled to recover damages; but that, under these circumstances, it was incumbent on the person claiming damages to satisfy the triers that he was in the exercise of ordinary care, or, in other words, that he had not, by his own carelessness or negligence, contributed essentially to the injury he had received.

The jury returned a verdict for the plaintiff, and the defendants moved for a new trial.

*Hawley* and *Abernethy*, in support of the motion.

There is no law that authorizes the public to travel upon the track of a railroad in any other manner than in the railroad cars. Where a railroad crosses a highway the public are entitled to a safe and commodious crossing, and nothing more. They can not require the railroad company to put their track in a safe condition for traveling, either on foot or in vehicles, along the track itself. The track is for the sole

use of the railroad company. Any other construction of the law which requires a railroad company to restore a highway intersected by the railroad to its former usefulness, would be unreasonable. The deceased in this case was not using the highway, but was using the railroad track. He was therefore taking the risk of walking there, if there was any. Ang. on Highways, §§ 290, 291, 371. *Bush* v. *Brainard*, 1 Cowen, 78. *Smith* v. *Smith*, 2 Pick., 621. *Butterfield* v. *Forrester*, 11 East, 60. *Blyth* v. *Topham*, Cro. Jac., 158. It was no excuse that the ordinary path was obstructed by snow. If this authorized him to use the railroad track, it yet left him to his own risk. Where a highway is obstructed and a traveler avails himself of his common law right and travels upon the adjoining land, he does so at his own risk. *Tisdale* v. *Norton*, 8 Met., 388.

*Loomis*, contra.

The public have a right to travel over every part of a public highway and in every direction. Ang. on High., §§ 261, 2, 3. *Howard* v. *North Bridgewater*, 16 Pick., 189. Such a use of a highway in a village street is especially reasonable and proper, and is necessary to the public convenience. The railroad company was required by the common law to use its rights in the public highway in such a manner as least to injure it. *Lowell* v. *Boston & Lowell R. R. Co.*, 23 Pick., 30. *Kerwhacker* v. *Cleveland, Columbus & Cin. R. R. Co.*, 3 Ohio S. R., 172. And by its charter was required to restore the highway to its former usefulness. 4 Private Acts, 1023, § 10. The charter should be construed strictly against the company. *Bradley* v. *N. York & N. Haven R. R. Co.*, 21 Conn., 306. The object of the provision was to secure to the public all the enjoyment of the highway which could be had consistently with the use of it by the railroad company. Hence it has been held that railroad companies must use reasonable care in constructing their roads to prevent any obstruction to public travel on the highways. *Covey* v. *Buffalo, Corning & N. York R. R. Co.*, 23 Barb., 482. *Johnson* v. *Hudson River R. R. Co.*, 6 Duer, 633. *Commonwealth* v. *Erie &*

*North East R. R. Co.*, 27 Penn., 339. Reasonable care requires precautions proportioned to the public danger. *Beers* v. *Housatonic R. R. Co.*, 19 Conn., 566. *Quimby* v. *Vermont Central R. R. Co.*, 23 Verm., 393. *Trow* v. *Same*, 24 id., 487. And they are bound to guard against injuries to trespassers, where it can be done by reasonable care. *Vicksburg & Jackson R. R. Co.* v. *Patton*, 31 Missi., 156. *Birge* v. *Gardiner*, 19 Conn., 507. *Daley* v. *Norwich & Worcester R. R. Co.*, 26 id., 591. *Isbell* v. *N. York & N. Haven R. R. Co.*, 27 id., 393. The jury have found that the deceased was not guilty of negligence in walking on the track, and that the defendants were guilty of negligence in leaving the culvert open.

ELLSWORTH, J. We perceive no error in the charge under which this cause was submitted to the jury. On the other hand, we think the principles of law laid down by the judge fully sustained by the authorities, as well as by equity and good sense.

If the defendants, without a charter, had gone into the highway at this place, and made a ditch three and a half feet wide and a foot and a half deep, and left it uncovered, and a person passing that way had fallen into it, without any neglect or presumption on his part, no one will doubt but that he could recover for the injury he had sustained. This is substantially the case before us, if we are correct in our view of it.

The defendants' charter gave them no authority to make an alteration in this highway without restoring it substantially to its former condition and usefulness. This duty of the defendants applied not merely to the beaten path, which seems to be the claim of the defendants' counsel, but to the highway throughout, so far as they had altered it, and the people had occasion still to pass over it, in one direction or another ; the persons so using the highway being of course bound to use reasonable care in passing over it, which was to be judged of by the circumstances of the particular case. At the place of intersection the highway is twelve rods wide, and the railroad is laid directly across it, upon a level, very nearly, with the high-

way itself. Why, now, should not the defendants place the whole of the highway, as well as a part of it, in such a condition that it could be safely and conveniently used by the people of the village? Why leave in it any where uncovered ditches and culverts, so far rendering it unsafe for foot people to pass along or across it? If the people have occasion, why may they not pass as freely as before, giving to the defendants the exclusive use of their chartered franchise? We do not say that the defendants, whenever embankments are necessarily raised in a highway, must construct them so as to allow the public to drive along them, or even over them, at every place; this would be unreasonable and useless; but for aught that appears here, and doubtless such was the opinion of the jury, the whole length of the railroad within the highway could have been made safe for travelers, as has been done, at a trifling expense, since the accident. The plaintiff, exercising ordinary care, had a right to pass where he did pass, and at such times, by day or by night, as business called him; and it is not possible that the defendants, under such circumstances, can properly leave dangerous culverts or pitfalls uncovered. Even at common law the defendants would be required to guard such a dangerous place, and secure the public against injury from such exposure.

We do not advise a new trial.

In this opinion the other judges concurred.

New trial not advised.