ELI J. ELLIS, Respondent, *v.* THE WABASH, ST. LOUIS & PACIFIC RY. Co, Appellant.

### March 23, 1885.

1. PLEADINGS—PROOF ON CASE MADE BY THE PLEADINGS.—When there is an averment made in a pleading that a railroad crossing had been "negligently and defectively constructed," and there is no evidence in the cause sustaining it, there cannot be recovery upon other and different grounds not alleged: it is a familiar rule in this state that if one alleges the negligence to be the doing or omitting to do certain acts he must stand by the statement with his proofs.—Following *Price* v. *St. L., K. C. & N. Ry. Co.*, 72 Mo. 414; *Waldhier* v. *H. & St. Jo. Ry. Co.* 71 Mo. 416.

2. RAILROAD CROSSINGS OF PUBLIC ROADS—CONSTRUCTION OF STATUTE.—By section 807, Revised Statutes, defendant is required to construct and maintain good and sufficient crossings where its railroad crosses public roads. It is not meant by this statute that

railroad companies are to construct crossings the whole width of public highway—(the streets of a crowded town or city would doubtless be an exception to this rule)—but ordinarily a crossing the full width of a highway is not constructed in any part of the state, or perhaps in the country. The courts of this state hold that towns or cities are not obliged to keep the width of the street in good condition, but only such part as is required for the convenience of travel.—Following *Bassett* v. *St. Joseph*, 53 Mo. 290; *Craig* v. *Sedalia*, 63 Mo. 417.

APPEAL from Daviess Circuit Court, HON. JOHN C. HOWELL, Judge.

*Reversed.*

The facts are sufficiently stated in the opinion of the court.

GEORGE S. GROVER for the appellant.

I. There was a complete failure of proof in this action; and for that reason the trial court should have directed the jury to find for the defendant. The Practice Act of the state provides that "when the allegation of the cause of action or defense to which the proof is directed, is unproved, not in some particular or particulars only, *but in its entire scope and meaning,* it shall not be dee ned a case of variance, but a failure of proof."—Sect. 3702, Rev. Stat., 1879, p. 730.

II. The court admitted incompetent evidence. There was no allegation in the petition concerning the piles of dirt which caused the accident. All such testimony, therefore, should have been excluded, and its admission was reversible error.— *Waldhier* v. *H. & St. Jo. R. R.*, 71 Mo. 514; *Buffington* v. *R. R.*, 64 Mo. 246; *Edens* v. *H. & St. Jo. R. R.*, 72 Mo. 212; *Price* v. *St. L., K. C. & N. Ry.*, 72 Mo. 414; *Atchison* v. *Chicago, etc., R. R.*, not yet reported.

III. The instructions given were erroneous. The *first* instruction given for plaintiff submitted a cause of action not stated in the petition. In the cases above cited this precise error has been held sufficient to warrant a reversal of the judgment.—See also *Bullene* v. *Smith*, 73 Mo. 151; *Ely* v. *St. L., K. C. & N. Ry.*, 77 Mo. 34. The *second* instruction had no evidence to support it, and that it

should not have been given in such a case is too well settled to need the citation of authorities.

No brief on file for respondent.

Opinion by ELLISON, J.

This action was begun before a justice of the peace in Daviess county on the following statement:

"That the defendant is a corporation organized and existing under the laws of the State of Missouri.

That it is engaged in running and operating a railroad in the township of Grand River, county of Daviess, and state of Missouri.

That the plaintiff was the owner of a certain cow, which, on or about the 1st day of July, 1881, strayed upon defendant's railroad in said township, at a point where the same crosses a public road. That defendant, by its servants and agents, carelessly and negligently ran one of defendant's locomotive engines against and upon said cow, without ringing a bell or sounding a whistle, to plaintiff's damage in the sum of $35.00.

That said crossing had been so negligently and defectively constructed by defendant that said cow became entangled therein and was unable to escape therefrom.

Wherefore plaintiff prays judgment in the sum of $35.00 and costs."

There was no testimony or instructions offered as to the failure to ring the bell or sound the whistle. The only evidence in the case, related to two piles of dirt thrown out of a cattle guard on one side of a forty-foot road. That of one witness covering the scope of the case is as follows:

James Sadler, witness for plaintiff, testified as follows:

"I saw the plaintiff's cow a few minutes before she was struck by defendant's engine. I also saw her very soon after she was struck: she was knocked into the cattle-guards on the west side of the railroad. It was at a public road crossing in Grand River township, Daviess county, Missouri. The cow was killed by the locomotive striking her while on the crossing. The road ran north and south across the railroad, and was forty feet wide."

Witness was asked by plaintiff's counsel about two piles of dirt, thrown out of a pit in digging for cattle-guards, piled between the cattle-guards and within the forty feet allowed for the public, to the introduction of which evidence defendant objected, as being irrelevant and immaterial under the complaint in this case, which charges that the crossing had been negligently and defectively constructed by the defendant, while the proof offered tended to an obstruction placed by defendant within the limits of the forty feet; which objection was overruled by the court, and against the objection of the defendant, witness testified as follows:

"Where the road crosses the railroad the travelled way is only some ten or fifteen feet wide. Outside of the travelled way and between the cattle-guards there is, on the west side of the public road, two piles of dirt some five feet high. The bases of these piles of dirt come within a foot of the ends of the ties, and were steep to the top. These piles of dirt are on the forty feet of the public road. The cow, instead of passing across the open public crossing, which was open and level for some ten or twelve feet in width, had, as her tracks indicated, been caught between these two piles of dirt, and had attempted to climb over one of them. Her tracks appeared on the side of one of these piles of dirt, as if she had attempted to pass over it, and was struck by the engine and thrown into the cattle-guards. I saw the tracks of this cow on the sides of one of these piles of dirt for six or seven feet. The public travelled way over the crossing was only about twelve feet of level road, and the balance of the west side had the piles of dirt as I have stated."

To the introduction of all which evidence the defendant objected for the reasons before stated. which objection, as above set forth, was overruled. To which action and ruling of the court in admiting said testimony, defendant, by its counsel, at the time excepted.

The witness further testified as follows: "I didn't see the cow struck. She was struck by the train known as the cannon-ball, going west, and about five o'clock in the

morning. The cow was a nice three-year-old heifer, worth $30.00 to $35.00."

Defendant demurred to the evidence, which being overruled and exceptions saved, and defendant offering no testimony, the court gave for plaintiff, over the objection of defendant, the following instructions :

1. If the jury believe from the evidence that the cow in question was unable to escape from the crossing of the public road by reason of the dirt testified about, and could have escaped therefrom if such dirt had not been placed there, they must find for the plaintiff and assess his damage at the value of the cow killed.

2. The court instructs the jury that if the defendant so defectively constructed and maintained its crossing of the public road in question that the plaintiff's cow became entangled therein, and was, by reason thereof, struck and killed, they should find for the plaintiff, and assess his damage at the value of the cow killed.

There was no evidence in the cause sustaining plaintiff's allegation as to the "crossing" being "negligently and defectively constructed by defendant," and consequently nothing to base plaintiff's second instruction on. Plaintiff has chosen to specify in what the negligence consisted, and it is a familiar rule in this state, that if he alleges the negligence to be the doing or omitting to do certain acts, he must stand by the statement with his proof.—*Price* v. *St. L., K. C. & N. Ry. Co.*, 72 Mo. 414; *Waldhier* v. *H. & St. J. Ry. Co.*, 71 Mo. 416.

Proof of two piles of dirt near the track on one side of a forty foot highway, does not sustain an allegation of negligence in the construction of a "crossing." If these two piles of dirt had been dumped in the actual roadway leading over the track, we do not see how that would even sustain a statement that the crossing had been negligently constructed.

By section 807, Revised Statutes, defendant is required to construct and maintain good and sufficient crossings where its railroad crosses public roads. It is not meant by this statute that railroad companies are to construct

crossings the whole width of the public highway. The streets of a crowded town or city would doubtless be an exception to this rule. But ordinarily, a crossing the full width of a highway is not constructed in any part of the state, or, perhaps, in the country. Even in Connecticut, where the law requires railroad companies to "restore such highway to its former state;" it is held that "we do not say that defendants, wherever embankments are necessarily raised in a highway, must construct them so as to allow the public to drive along them, or even over them at every place; this would be unreasonable and useless."—*Judson* v. *N. Y. & N. H. Ry. Co.*, 29 Conn. 434.

So an instruction was held good which told the jury "that towns were not required to render the road passable for the entire width of the whole located limits, and that the duty of the town was accomplished by making a sufficient width of the road in a smooth condition so that it would be safe and convenient for travellers."— *Perkins* v. *Fayette*, 63 Maine, 152.

Our own courts, in speaking of the duties of municipalities in regard to the repair of streets, expressly hold that towns or cities are not obliged to keep the width of the street in good and safe condition, but only a sufficient scope to permit the necessary travel.—*Brown* v. *Mayor of Glasgow*, 57 Mo. 156; *Bassett* v. *City of St. Joe*, 53 Mo. 290; *Craig* v. *City of Sedalia*, 63 Mo. 417.

We can see no reason for holding that a railway company should be under any greater obligation to keep the whole width of the highway in good condition for travel, that would not apply to a municipal corporation. It was never intended by the use of the word "crossing" in section 807 that railroad companies, in thinly inhabited districts of country, should construct it in the manner designated, with plank, macadam, etc., for the full width of the road. Evidence, as in this case, that there were piles of dirt within the limits of the highway, but outside of and disconnected from the crossing, is not responsive to the allegation that the crossing was defectively constructed.

The judgment is reversed and the cause remanded. The other judges concur.