<hr />

## STEPHEN McKENNA *vs.* METROPOLITAN RAILROAD COMPANY.

It is the duty of a street railway corporation, as to third persons, to keep in repair that portion of a switch which, being a part of its own track, yet forms a connection with the track of another railway corporation, although, as between the corporations, the duty of repairing may rest upon the latter.

TORT against a street railway corporation for a personal injury caused by a collision between one of its cars and the plaintiff's wagon.

Trial before *Gray*, J., who reported the case as follows:

"At the trial it appeared that at the time of the injury the defendants were the owners of a street railway formerly owned by the Dorchester Avenue Railroad Company, and duly located along the centre of Dorchester Avenue; that the South Boston Railroad Company, formerly called the Broadway Railroad Company, had been authorized by its charter to locate a street railway from South Boston Point 'to a point near the intersection of Broadway and Turnpike Street or other street, for the purpose of forming a junction with and entering upon the Dorchester Avenue Railroad in Boston,' and had duly located it along the centre of Broadway 'to the track of the Dorchester Avenue Railroad in Dorchester Avenue:' that the switch at the point of connection between the two roads was about fourteen feet long, and was, with the assent of the defendants, put down and since kept in repair by the South Boston Railroad Corporation; and so placed and constructed that the right branch of it formed part of the defendants' right rail, upon which the defendants' cars ran, and had a groove two inches deeper than the left branch, which formed the beginning of the right rail of the South Boston Railroad; so that when the switch was in good order, the defendants' cars, bearing against the left side of the right groove and below the beginning of the left groove, were retained on their track; and the cars of the South Boston Railroad Company, being made with a flange clasping the upper part of the rail, and not reaching to the bottom of the groove, turned off upon the track of that company; that at the time of the accident, and for a week or more previously, the beginning of the left groove had been worn down to the depth of the right groove, so that the defendants' cars occasionally turned out of their course and upon the track of the other company; that this condition of the switch had been known to the defendants, and by them notified to the South Boston Railroad Company at least a week before the accident; and that upon this occasion, the defendants' car, while driven at a rate of speed which was variously estimated by the witnesses at from three to seven miles an hour, turned through the defective groove in the switch, and ran upon the track of the South Boston

Railroad a short distance, and struck the plaintiff's wagon with such force as to throw him from his seat to the ground.

" The defendants requested the court to rule that there was no evidence of negligence on their part, to be submitted to the jury; that the switch was the property of the South Boston Railroad Company, and they were bound to repair it ; that the defendants had no right to repair it, or to put down a new one ; and that if they were liable at all, it was not for the defect in the switch, but because, knowing of that defect, they used it carelessly or without putting a safeguard at the crossing. But the court declined so to rule; and to this refusal the defendants excepted.

" The case was submitted to the jury with instructions, to which no further exception was taken, that the defendants were bound to use ordinary care to have kept in repair, either by themselves or by the other corporation, so much of the switch as was constructed for the purpose of keeping the defendants' cars on their own track ; and that for any negligence of the defendants in this respect, or in the manner of driving their cars thereon, while they knew it to be defective, the defendants were liable. The jury returned a verdict for the plaintiff, upon which, if the request of the defendants was rightly refused, judgment is to be rendered ; otherwise a new trial is to be ordered."

*E. O. Shepard*, for the defendants.

*A. A. Ranney*, for the plaintiff.

CHAPMAN, C. J. The plaintiff was properly driving along the highway, and the defendants' cars that were coming along their tracks were turned aside by a defective switch that connected their tracks with those of the South Boston Railroad Company, and ran against the plaintiff, at the rate of from three to seven miles an hour, and injured him. They contend that they are not liable, because the other corporation ought to have made the repairs. But this is not material to the plaintiff. The switch was so much a part of their road that they were liable for the defect. The St. of 1871, *c.* 381, § 21, expressly imposes this obligation upon them, and without it they would have no right to injure travellers on the highway by negligently running their

cars against them, or by allowing their tracks to be in such a condition that they would expose such travellers to danger. The principle *Sic utere tuo ut alienum non lædas* applies to their tracks as well as to their cars. *Judgment on the verdict.*