WILLIAM MALTBY v. THE CHICAGO & WEST MICHIGAN RAILWAY COMPANY.

*Railway crossings.*

1. A railroad company crossing a public highway is bound to keep the approaches to the crossing in safe condition for travelers on the highway.

2. The right to use a public highway, even if it be in a dangerous condition, cannot be abridged by the act of putting it in such condition, or by neglect to repair it.

Error to Muskegon. (Russell, J.) Oct. 23.—Dec. 20.

CASE. Plaintiff brings error. Reversed.

*Campbell & Allen* for appellant. A railroad company is liable to a traveler injured in consequence of its permitting its road-bed to become unsafe: *Oakland Ry. Co. v. Fielding* 48 Penn. St. 320; Shearm. & Redf. Neg. § 357; a company having undertaken to lay its track along a public road is bound to lay it properly and keep it in proper condition: *Fash v. Third Ave. R. R. Co.* 1 Daly 148; see *McDowell v. N. Y. Cent. &c. R. R.* 37 Barb. 195; *Phœnix-*

*ville v. Phœnix Iron Co.* 45 Penn St. 135 ; *Kelly v. Southern Minn. Ry. Co.* 28 Minn. 99 ; an open and traveled street comes within the meaning of the law : *Whittaker v. B. & M. R. R.* 7 Gray 98 ; a town is not liable for a defect in a bridge whereby a highway crosses a railroad, if the company is bound by law to keep the bridge in repair: *Sawyer v. Northfield* 7 Cush. 490 ; the failure of the town to repair does not excuse the company: *Gillett v. W. Railroad Corporation* 8 Allen 560 ; a railroad company that so constructs its track in a highway as to render the highway dangerous or inconvenient to travelers is liable for consequent injury to the traveler, even though he has a remedy against the city that is bound to keep the highway in repair : *Snow v. H. Railroad Co.* 8 Allen 441.

*Smith, Nims, Hoyt & Erwin* for appellee.   In Ohio, the duty of restoring a highway diverted in the construction of a railroad " to such condition as not to impair its former usefulness" rests in the company, but when it has been fully restored the corporation is not obliged to keep it in repair : *Pittsburgh, Ft. Wayne & Chicago Ry Co. v. Maurer* 21 Ohio St. 430 ; in Missouri railroad companies crossing a highway must restore to its former state, but need not keep the highway in repair : *Missouri &c. R. R. Co. v. Long* 6 Am. & Eng. R. R. Cas. 254.

GRAVES, C. J.   On the 29th of September, 1881, the plaintiff was on his way to the city of Muskegon by the public road known as the Allegan, Muskegon & Traverse Bay State road, with a load of hay, and on passing over the defendant's track where it crosses said road near the city, his load upset and he received injury.   He attributed the occurrence to the unsafe condition of the south approach contiguous to the rail, and sued the company in this action for his damages.   The circuit judge instructed the jury to find in favor of the company.   The grounds on which the ruling is defended will be briefly noticed.

*First.* It is made a point that no testimony was offered

tending to support the averment in the declaration that the highway "was laid out, established and constructed by proper legal authority." The point is not borne out by the record. There was evidence tending to show that the State laid out the road and caused it to be constructed, and evidence tending to show further that the defendant treated it as a legal public thoroughfare established and constructed by competent authority.

*Second.* It is next contended that the railway company was not subject to any duty to keep the approaches to its track in order at the crossings of public roads. The requirement of law, we are told, goes no further as respects the company than to exact a restoration of the road, when the crossing is made, to its former state as near as may be, leaving it as a duty of the public to keep up and preserve the proper conditions thereafter, and to do whatever else the public safety or convenience may dictate.

This is not a correct view. If the Legislature had kept silent, the common law would have applied, and the company, on cutting through the highway, would have been bound to construct and maintain the crossing in such plight as to make it reasonably safe. *People v. Chicago & A. R. R. Co.* 67 Ill. 118; *Oliver v. Northeastern Ry. Co.* L. R. 9 Q. B. 409; *Paducah & Elizabethtown R. R. Co. v. Commonwealth* (Ky.) 10 Am. & Eng. R. R. Cas. 318; *Manley v. St. Helen's C. & Ry. Co.* 2 H. & N. 840. And it could not have been the purpose of the Legislature to abridge this duty. No reason for such a design can be imagined. The intent would rather be to explain and emphasize if not to expand it.

The statute declares that the company must restore the highway to its former state as near as may be, and construct suitable road crossings for the passage of teams, by putting down plank between and on each side of the rails of such road, the top of which shall be at least as high as the top of the rails of such road. Act 177 of the. Session of 1877, sec. 9, subd. 5 [How. Stat. § 3323]. The same reason would exist for perpetuating these conditions as for having

them established originally, and it is a necessary assumption that their continuance was contemplated, and when we recall how very important it is to the public safety, and how necessary to enable the company to fulfill its acknowledged obligations, and how essential to prevent confusion where the consequences might be disastrous, that it should have the track and its immediate adjuncts under the supervision of its own servants, selected and trusted on account of their special fitness, the construction which counsel now urge in its behalf is wholly unsatisfactory. The statutory regulations abroad are far from uniform, but the general course of decision is in favor of the view we take. *People v. Chicago & A. R. R. Co.* supra; *Eyler v. County Com'rs of Allegany County* 49 Md. 257; *Chicago, R. I. & P. R. R. v. Moffitt* 75 Ill. 524; *Cooke v. Boston & L. R. R.* 133 Mass. 185: *Masterton v. N. Y. C. & H. R. R. Co.* 84 N. Y. 247; *Wooley v. Grand S. & N. T. R. R. Co.* 83 N. Y. 121; *Payne v. Troy & B. R. R. Co.* id. 572; *Cott v. Lewiston R. R. Co.* 36 N. Y. 214; *People v. N. Y. C. & H. R. R. Co.* 74 N. Y. 302; *Wellcome v. Leeds* 51 Me. 313; *White v. Inhabitants of Quincy* 97 Mass. 430.

*Third.* Whether the duty to prevent the defects complained of extended to the city of Muskegon there is no occasion to decide. It is quite sufficient that on the theory of fact affirmed by the plaintiff, the suit is well brought against the defendant. If any duty lay upon the city to preserve the approach and crossing in a reasonably safe condition,—a point which is not considered,—it was not exclusive. It had no effect to derogate from the duty, or mitigate the responsibility of the defendant, and it could make no difference with the question of liability as between the latter and the plaintiff. Under the state of facts on which the plaintiff relies, the defendant would certainly be liable whether the city would be or not. The principle is well settled. *Masterton v. Railroad Co.* supra; *McKenna v. Metropolitan R. R. Co.* 112 Mass. 55; *Judson v. N. Y. & N. H. R. R. Co.* 29 Conn. 434.

There is no force in the suggestion, to which the circuit judge seems to have given assent, that plaintiff was negligent in driving over the road which he knew was out of repair. He had an undoubted right to drive over the road and nobody could deprive him of the right by putting the road out of repair, or by any neglect of duty in repairing.

No reference has been made to the late provision in the highway law, which took effect about three weeks prior to the injury for which the plaintiff sues. Public Act 243 of the Session of 1881, section 27. [How. St. § 1322]. The application of that provision is not certain and there can be no asumption that an individual would have any remedy in virtue of it. Further remark is uncalled for.

The ruling cannot be defended on the reasons urged in its favor and the judgment must be reversed with costs and a new trial granted.

The other Justices concurred.