JEFFREY *v.* DETROIT, LANSING & NORTHERN RAILROAD CO.

1. RAILROAD COMPANIES—SIDEWALK CROSSINGS—LIABILITY FOR PERSONAL INJURIES.

It is the duty of a railroad company to maintain the sidewalk crossings over its tracks in a city in a reasonably safe and suitable condition for the usual and ordinary purposes of the public, and its failure to do so renders it liable to one injured by reason thereof while making a proper, reasonable, and necessary, though possibly an unusual or hazardous, use of the walk.

2. SAME—USE OF SNOW-PLOW.

It cannot be said, as a matter of law, that the removal of snow from a sidewalk by means of a snow-plow drawn by horses, pursuant to a custom of long standing, is not a proper, necessary, and reasonable use of the walk.

3. SAME—RIGHT OF ACTION—LIABILITY OF CITY.

A railroad company is not relieved from liability for its own negligence by the fact that a right of action may also exist against the municipality for the same injury.

Error to Ingham; Person, J.  Submitted December 6, 1895.  Decided January 16, 1896.

Case by Alexander Jeffrey against the Detroit, Lansing & Northern Railroad Company for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error.  Reversed.

*Black & Dodge*, for appellant.

*M. V. & R. A. Montgomery*, for appellee.

HOOKER, J.  The defendant owns and operates a railroad which crosses Larch street, in the city of Lansing, upon a curve, one rail being some inches higher than the other.  A sidewalk has crossed said track for many years, and the defendant has been accustomed to keep it in repair.  Between the rails, planks, laid upon the ties and

flush with the top of the rails, constituted a portion of the walk built and maintained by defendant shortly before the accident complained of. The defendant's servants removed from between the rails the two planks lying nearest to the higher rail. The ground was soon after covered with snow, and the plaintiff, while engaged in cleaning the snow from the walk with a team and snow-plow, as usual, attempted to cross the track, when the point of the plow struck the rail, by reason of the absence of the two planks, and he was injured. The court directed a verdict for the defendant, upon the ground that the defendant owed no duty to the public to keep the sidewalk within the rails of its track in such repair as to enable the plaintiff to draw a snow-plow with a span of horses over said walk across its track, and therefore was not guilty of negligence in removing the planks from said walk.

The safety of the public requires that the maintenance of the railroad track be exclusively within the control of the railroad company, and crossings are by our law required to be constructed by them. This, we think, is not merely to relieve the city from the expense, but is to insure the safety of the public, as well those who ride upon the trains as travelers upon the highway. It is the uniform practice of railroads to attend to these crossings, both of the wagon road and sidewalk, to the exclusion of the municipal authorities, so far as the track itself is concerned. This is recognized by the law, and is one of the reasons for holding that the statute which requires a proper restoration of the highway at the time of the building of the railroad by implication imposes the duty of maintaining it in proper condition. This is but declaratory of the common law. See *Maltby* v. *Railway Co.*, 52 Mich. 110. The right of the plaintiff to recover is not given by the statute authorizing actions against municipalities which fail to keep highways in a condition reasonably fit and safe for travel, though it is possible that such statute may have a bearing on the extent of the defendant's duty. We

think that railroads must maintain crossings between tracks and rails reasonably fit and safe for the usual and ordinary purposes of the public, and the fact that a right of action might possibly exist against the cities does not affect their liability. In case of a failure, the railroad would be liable, whether the city were or not. *Maltby* v. *Railway Co.*, 52 Mich. 111. In this case a sidewalk had long been provided. If removed, and the street left in a dangerous condition, as measured by the gauge of the ordinary uses and purposes of the highway, it was negligent, and a cause of action would lie upon behalf of any person injured while making a proper, reasonable, and common use of the way. It is claimed that this was the usual way of cleaning walks, and had been for years, and was a proper use of the highway. While we do not intimate that such practice imposed any additional or greater duty upon defendant, a question not before us, if it appears that the accident was caused by reason of a failure to keep the crossing in a reasonably safe and suitable condition for ordinary uses, the plaintiff should not be denied redress because it was an unusual or hazardous use of the walk, it being, as already said, a proper and necessary use.

The judgment must be reversed, and a new trial ordered.

LONG, GRANT, and MONTGOMERY, JJ., concurred. MCGRATH, C. J., did not sit.