KAISER *v.* DETROIT & NORTHWESTERN RAILWAY.

STREET RAILWAYS — CONSTRUCTION OF ROAD — EXCAVATIONS — NEGLIGENCE.

> In an action against a street-railway company for injuries received by falling into a cut made by it in the traveled portion of a public highway to accommodate its tracks, and left by it unguarded, it was error to direct a verdict for defendant on the ground that plaintiff had failed to show that it was acting without authority in constructing its road in such manner; the company being at least *prima facie* bound to restore the highway to a safe condition,—in other words, it not being presumable that the local authorities would authorize the creation of a nuisance.

Error to Wayne; Hosmer, J. Submitted April 10, 1902. (Docket No. 67.) Decided October 7, 1902.

Case by Herman Kaiser against the Detroit & Northwestern Railway for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Washington I. Robinson* and *J. Walter Dohany*, for appellant.

*Thomas A. E. Weadock*, for appellee.

MONTGOMERY, J. The declaration averred that the defendant railway tore up and excavated the highway known as "Grand River Avenue," making a ditch or hole in the traveled way, and left the same unprotected, and that plaintiff, while riding with one Conroy, was thrown upon the track of defendant's railway because of the wheel of the vehicle dropping into the ditch.

The evidence tended to show that the defendant's track occupied a portion of a 16-foot traveled way, and that the space occupied by the track had been cut down 16 or 18 inches; that, in the evening, plaintiff was driving with Conroy, and the wheel dropped down into this excavation. Plaintiff was thrown from the wagon, rendered unconscious, and was afterwards, while in this unconscious state, injured by the defendant's passing car.

The circuit judge directed a verdict for defendant on the ground that plaintiff had not shown that the defendant railway was acting without authority in constructing its road in the manner in which it did. We think this was error. The defendant company was at least *prima facie* bound to restore the surface of the street to a condition reasonably safe for travel. 2 Thomp. Neg. § 1354; *Maltby* v. *Railway Co.*, 52 Mich. 108 (17 N. W. 717); *Jeffrey* v. *Railroad Co.*, 108 Mich. 221 (65 N. W. 755, 31 L. R. A. 170); *People* v. *Railroad Co.*, 67 Ill. 118; *Woodman* v. *Railroad Co.*, 149 Mass. 335 (21 N. E. 482, 4 L. R. A. 213, 14 Am. St. Rep. 427); *Inhabitants of Veazie* v. *Railroad Co.*, 49 Me. 119; *Schild* v. *Railroad Co.*, 133 N. Y. 446 (31 N. E. 327, 28 Am. St. Rep. 658); Booth, St. Ry. Law, §§ 290, 291. True, if the defendant constructed its railway as directed by the municipal authorities, acting within the powers conferred upon them, no negligence could be imputed to it. 2 Thomp. Neg. § 1364. But it is not to be presumed that authority to create a nui-

sance was granted, and we are of the opinion that the burden of showing such authority rested with defendant. *McKillop* v. *Railway Co.*, 53 Minn. 532 (55 N. W. 739).

It is contended that the testimony shows negligence of the driver. This question was not ruled by the circuit judge, and need not be discussed further than to say that we do not think such negligence conclusively appears.

Judgment reversed, and a new trial ordered.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.