KAISER *v.* DETROIT & NORTHWESTERN RAILWAY.

1. STREET RAILWAYS—CONSTRUCTION OF ROAD—EXCAVATIONS— NEGLIGENCE.

2 Comp. Laws, § 6446, authorized a street-railway company to construct its line along a highway upon such terms and conditions as might be agreed upon between it and the township board. The franchise granted by the township provided that, in the construction of the tracks, the grade should be made to conform as nearly as practicable with that of the highways where they might cross. *Held,* that the company was not authorized to make an excavation upon a part of the traveled

portion of the highway, without protection, and, having done so, was liable for injuries suffered by reason of its negligence.

2. SAME—RATIFICATION.

The fact that the township authorities did not protest against such construction was not a ratification of the act, relieving the company from liability, if such construction was dangerous to travelers.

Error to Wayne; Frazer, J. Submitted April 6, 1904. (Docket No. 13.) Decided May 17, 1904.

Case by Herman Kaiser against the Detroit & Northwestern Railway for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Thomas A. E. Weadock*, for appellant.

*Washington I. Robinson* and *J. Walter Dohany*, for appellee.

GRANT, J. This case is before us the second time. See 131 Mich. 506 (91 N. W. 752). The facts in regard to the accident are the same in the present record as in the former. We there held that, "if the defendant constructed its railway as directed by the municipal authorities, acting within the powers conferred upon them, no negligence could be imputed to it." It is urged that the record now shows that the defendant complied with the requirements of the municipal authorities, and that, therefore, the court should have directed a verdict for the defendant.

The street-railway act authorized the defendant to construct its railway along this highway upon such terms and conditions as might be agreed upon between it and the township board. 2 Comp. Laws, § 6446. The only provision of the franchise granted by the township bearing upon the method of construction is as follows:

"In the construction of the track or tracks of said railway, the grade shall be made to conform as near as is practicable with the grade of the highway or highways where they may cross."

The franchise contained no specifications as to the depth of cuts, or elevations, or methods of construction, or the erection of barriers, if excavations should be made in the highway upon the traveled or untraveled portion thereof. The superintendent of construction for the defendant testified that no requirements outside of the ordinance were made by the township. The general language of the franchise did not authorize defendant to make this cut or excavation as it did upon a part of the traveled portion of the highway without protection. Neither did it authorize the defendant to construct its roadbed so as to be dangerous. 2 Shear. & R. Neg. § 408.

The fact that the township authorities did not protest against such construction is not a ratification of the act, so as to relieve the defendant from liability if such construction was dangerous to travelers. If, in such construction, it left an excavation so near the traveled portion of the highway as to be dangerous, it was its duty to protect it. The jury have found that it was dangerous, and that it was not properly protected. This was settled as the law of the case upon the former trial, and is therefore controlling upon the second trial. See authorities cited in the former opinion.

Judgment affirmed.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. MONTGOMERY, J., took no part in the decision.