LOGAN *v.* LAKE SHORE & MICHIGAN SOUTHERN
RAILWAY CO.

1. RAILROADS—CROSSING ACCIDENT — DEFECTIVE CROSSING — EVI-
DENCE—SUFFICIENCY.

In an action against a railroad company for personal injuries
resulting from the overturning of a sleigh, in which plaintiff
was riding, on an alleged defective highway crossing, evi-
dence examined, and *held*, not error to refuse to direct a ver-
dict for defendant.

2. SAME—INSTRUCTIONS—PROPRIETY.

In an action against a railroad company for personal injuries
resulting from the overturning of a sleigh, in which plaintiff
was riding, on an alleged defective highway crossing, there
being evidence that the short tongue connecting the two bobs
dropped, caught on the rail, and upset the sleigh, it was not
error to refuse to instruct the jury to find for the defendant,
in case the accident was so caused, there also being evidence
that the crossing was not in proper condition, and there being
nothing to show that if it had been the short tongue would
not have passed over in safety.

3. SAME.

An instruction that the undisputed evidence showed that the
sleigh was not upset because of the narrowness of the road-
bed on defendant's right of way, and that the question of the
width of the roadbed is of no importance, was properly re-
fused, because, while the narrowness of the way cannot be
said to have caused the upsetting of the sleigh, plaintiff's in-
juries may have resulted from it.

4. SAME—NECESSITY OF REQUEST.

An instruction in the language of the statute that it was the
duty of defendant to restore the highway to its former con-
dition, as near as might be, is not objectionable on the ground
that it requires the defendant to build the approaches as wide
as the highway, a more specific instruction on that ground
not having been requested.

Error to Lenawee; Chester, J. Submitted October 4,
1906. (Docket No. 6.) Decided July 1, 1907.

Case by Ena Logan against the Lake Shore & Michigan Southern Railway Company for personal injuries. There was judgment for plaintiff, and defendant brings error.    Affirmed.

*Dallas Boudeman*, for appellant.

*Smith, Baldwin & Alexander*, for appellee.

HOOKER, J.    The defendant has appealed from a judgment for damages, rendered in a negligence case, in favor of the plaintiff.    The latter was riding, with others, upon spring seats placed in a wagon box, upon a bob sled, and was thrown out by the upsetting of the same just after crossing defendant's railroad track, which crossed the highway at an angle somewhat acute.    The cause of the upsetting is not conclusively shown.    Plaintiff's theory is that it was due to the failure of defendant to maintain crossing planks higher than the rails, by reason of which one of the runners of the rear bob clung to the rail after the other runner had left it, thereby causing the sled to slue and upset, and throw the occupants, including plaintiff, down the bank, which she claims to have been dangerously near, by reason of the narrowness of the highway, and an unnecessary turn therein at the edge of the track.    There was evidence tending to show that the highway was as much as 16, and as little as 8 or 10, feet wide east of the track, that before the railroad was built the road was practically level, and that, when it constructed the railroad, defendant built the approach from 6 to 12 feet high for the purpose of a crossing, and that it had not been widened or changed since; also that at the time of the accident the planks upon the crossing were half an inch or more lower than the east rail, which is admittedly the one involved in the accident, whatever theory should prevail as to its cause.

The defendant claims that the planks were not lower than said rail, that the highway was in a condition reasonably safe and fit for travel, and that neither a defect

in the planking, nor the condition of the highway, caused the sled to upset, but that the cause of the accident was the dropping of the short tongue connecting the two bobs, through the failure of the bolt attaching the short tongue and reach together, after which the short tongue struck against the east rail, and caused the front of the rear bob to lift up and overturn the sled, the fright of the horses contributing thereto. There was evidence supporting this theory, and, were the question one for us to decide, we should think that it was supported by the weight of the testimony. On the other hand, there was evidence that the planking was not maintained in compliance with the law, and it is by no means certain that, had it been in proper condition, the short tongue would not have passed safely over the rail, by reason of a want of opportunity for it to get under the ball of the rail, as it is called. Therefore it was not error for the circuit judge to refuse to instruct the jury to render a verdict for the defendant, nor did he err in declining to instruct them that, in case the accident was so caused, they must find for the defendant upon the ground that the defect in the planking was not the proximate cause of the injury. *White v. Township of Riley*, 113 Mich. 300; *Shaw* v. *Township of Saline*, 113 Mich. 342; *Gage* v. *Railroad Co.*, 105 Mich. 335; *Simons* v. *Township of Casco*, 105 Mich. 591.

The answers to the questions submitted to the jury exclude the inference that the jury may have found that the falling of the tongue caused the accident. They expressly say that it did not occur by reason of the tongue coming in contact with the rail, and that it "would * * * have occurred although the end of the tongue had not fallen to the ground." There being evidence that the plank were below the tops of the rails, from which it is inferable that the runner dragged upon the rail (which might have been a cause of the accident), it was not error to leave the question of the sufficiency of the crossing in this respect to the jury. The undisputed evidence shows

that the sleigh was not overturned by reason of the narrowness of the highway at that point. It is clear that it occurred close to the track. Not only is there much evidence that its width at that point exceeded fourteen feet, and none that it was less at that point, but there is none indicating that the runner ran over the edge of the slope, while it is clearly shown that the box lay on top of the roadway upon its side after the sled was upset.

Defendant's eighteenth request was as follows:

"The undisputed evidence in this case shows that the sleigh in which plaintiff was riding was not upset because of any narrowness of the roadbed on defendant's right of way. The question in the case as to the width of the roadbed is of no importance, and the jury should not find a verdict in favor of plaintiff and against defendant because of the narrowness of the said roadbed."

Had the first sentence of this request stood alone, it should have been given, but the second sentence should not have been; for, while the narrowness of the way at that point can be said not to have caused the upsetting of the sled, plaintiff's injuries may have resulted from it, and therefore the question of the width of the road was of some importance, unless we shall say that a width of fourteen feet was sufficient, which we cannot do; the question being one for the jury. The circuit judge charged the jury that:

"You are also instructed, gentlemen, that it was the duty of this defendant, when it built the road across the public highway, to restore the highway to its former condition, as near as might be; that it was defendant's duty to put and keep plank each side of the rails of its railroad, and also between the rails, in a good condition, and one-half inch above the rails. Further, you are instructed that, in constructing and maintaining this crossing so that it should be reasonably safe for public travel, the defendant is not obliged to anticipate that some one might come over that crossing with a bob sleigh with a short tongue dragging upon the ground, and that such short tongue might catch in one of its rails and upset the sleigh, and therefore defendant would not be negligent because it did not anticipate such an occurrence.    *    *    *

"And it is for you to say whether or not this crossing was in reasonable repair, so that it was reasonably safe for public travel, on the 15th day of January, 1905, and, if not in reasonable repair, whether or not such want of reasonable repair caused this accident. If it was in reasonable repair, then plaintiff would not be entitled to recover. Or if it was not in reasonable repair, but such want of reasonable repair did not cause the sleigh to upset and produce the accident, then plaintiff would not be entitled to recover. But if it was not in reasonable repair, and such want of reasonable repair did cause this sleigh to upset and produce the accident, then plaintiff would be entitled to recover, if she and her driver were not guilty of any negligence which contributed to this injury."

These instructions stated the duty of the defendant as to the restoration of the highway in the language of the statute, and its maintenance in accordance with the rule stated in *Maltby* v. *Railway Co.*, 52 Mich. 108, and *Jeffrey* v. *Railroad Co.*, 108 Mich. 223 (31 L. R. A. 170). Counsel now contend that this rule would require the railroad to build the approach as wide as the highway. That involves a construction of the statute which he did not suggest or request. The restoration required was limited by the words "as near as may be," and it was thus stated. The jury would naturally understand from that language that a strict reproduction of pre-existing conditions was not required by the statute, and, if more specific instruction was desired, counsel should have so informed the trial judge. Many objections were made to the reception and exclusion of testimony. We have examined these, and find nothing that requires a further allusion to them than to say that they should not be considered a sufficient cause for reversal.

We are asked to reverse the cause for the reason that a new trial was denied, upon the ground that the verdict was contrary to the evidence. We have practically covered this question by what has been said.

The judgment is affirmed.

McALVAY, C. J., and CARPENTER, OSTRANDER, and MOORE, JJ., concurred.