TOWNSHIP OF BURDELL *v.* GRAND RAPIDS & INDIANA
RAILWAY CO.

RAILROADS—HIGHWAYS—BRIDGES.

> No duty rests on a railroad company to maintain in repair a
> highway bridge across its right of way because from the
> time the track was built under the bridge, which already ex-
> isted, and which it became necessary to raise, the company
> voluntarily maintained it.

Certiorari to Osceola; Rose, J. Submitted May 25,
1909. (Calendar No. 23,158.) Decided June 7, 1909.

Mandamus by the township of Burdell to compel the
Grand Rapids & Indiana Railway Company to repair and
maintain a bridge in a public highway. An order deny-
ing the writ is reviewed by relator on writ of certiorari.
Affirmed.

*Charles A. Withey*, for relator.

*James H. Campbell*, for respondent.

Plaintiff in certiorari filed a petition in the circuit court
praying for the writ of mandamus to compel the respond-
ent to repair, and keep in repair, a bridge over a ravine in
a public highway. The facts were stipulated, and are in
substance as follows: The highway and bridge across
the ravine had been in existence for a long time prior to
1885, and had been constructed and maintained by the
township. That year the respondent constructed a spur
track through this ravine to reach business beyond the
highway. The bridge was too low to admit the safe pass-
age of trains. The respondent elevated the bridge, con-
structed approaches to it, and did all the work at its own
expense. It owned, and still owns, the fee to its right of
way. It occupied and used this spur track for the car-

riage of passengers and freight until October, 1906. It then removed its rails, and has not since operated or used this branch or spur. During the time respondent operated this track it voluntarily maintained said bridge, and kept it in proper repair at its own expense. It has not repaired it since, and refuses to repair it. It has become dilapidated and unfit for use.

The respondent claims the right to maintain and keep said right of way so that it may use it in the future if occasion requires. It denies the right of said township to obstruct said right of way by making a filling in place of said bridge. No agreement was made between the township and the respondent relating to the change of the elevation of the bridge or its future maintenance and repair. The trial court held that there is no liability on the part of respondent to repair or rebuild the bridge.

GRANT, J. (*after stating the facts*). Upon the above statement of facts the court is asked to determine whether it is the legal duty of the respondent to maintain the bridge and keep it in proper repair for travel. Counsel for the plaintiff concedes that no such question has before been submitted to the courts, and that he is unable to find that it has been discussed in the text-books. He seeks to base respondent's liability upon the grade-crossing cases which hold that, both at common law and under the statute, it is the duty of the railroad company to restore the highway to its former condition, as near as may be, and to maintain and keep sidewalks and crossings in reasonable condition for public travel. He cites the following cases: *Maltby* v. *Railway Co.*, 52 Mich. 108 (17 N. W. 717); *Retan* v. *Railway Co.*, 94 Mich. 146 (53 N. W. 1094); *Jeffrey* v. *Railroad Co.*, 108 Mich. 221 (65 N. W. 755, 31 L. R. A. 170); *Tobias* v. *Railroad Co.*, 103 Mich. 338 (61 N. W. 514); *Kaiser* v. *Railway*, 131 Mich. 506 (91 N. W. 752). These cases all involve grade crossings, with the railroads in actual operation. They have no

bearing, either upon the question in this case, or even upon grade crossings where the road has been abandoned, the track taken up, and the highway left in proper condition for travel.

There is no obligation in this case resting upon contract. The township evidently acquiesced in the elevation of the bridge. The respondent properly fixed it and its approaches, made it safe, and left it in good condition. Manifestly no obligation would have rested upon the respondent if its cars could have been run under the bridge with safety. There is no evidence that the public are inconvenienced by the change, or that it will cost the township any more to rebuild or repair the bridge at its present height than as it formerly existed. The mere elevation of this track (whether a foot or more does not appear) cannot be held to transfer from the township to the railroad the legal duty to forever thereafter rebuild and repair the bridge.

The judgment is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.