DANIEL GESSLEY, Respondent, v. THE MISSOURI
PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 19, 1888.

1. **Negligence** : PERSONS LAWFULLY ON TRACK : DUTY OF VIGILANCE.
   The general rule is that, as to persons lawfully upon the track
   engaged in labor, the railroad company owes a duty of active vigi-
   lance ; and such persons have a right to become engrossed in their
   labor to such an extent that they may be oblivious to the approach
   of trains—relying, as they may, upon the duty imposed by law
   with reference to them.

2. ———— : UNLOADING OF CARS : CASE ADJUDGED.   When a railroad
   company, as here, puts loaded cars upon a side-track for the pur
   pose of being unloaded by the owners of the freight, and such
   owners, their agents or servants, with the express or impl ied con
   sent of the company, proceed to remove the freight, the company
   in such case has no right, without special notice and warning, to
   run or back a train in upon the same track while the cars are being
   unloaded.

3. **Practice** : COMPETENCY OF EVIDENCE TO SHOW INTEREST : CASE
   ADJUDGED.   A question may be asked for the purpose of affecting
   the credibility of a witness, by showing his interest in testifying to
   a particular fact to be that of exonerating himself.

*Appeal from Howard Circuit Court.*—HON. GEORGE
H. BURCKHARTT, Judge.

AFFIRMED.

The case is stated in the opinion.

*W. A. Martin,* for the appellant.

(1) Appellant relies for reversal on the following
points, to-wit:   (*a*) The petition is so inexplicit as that
appellant could not gather from it in what the negli-
gence consisted on which appellee relied to make out
his case, and no evidence should have been allowed

introduced against defendant's objections. (*b*) The evidence offered by the appellee did not sustain the allegations of the petition on material points, without the proof of which there could be no recovery, and showed that plaintiff's own negligence contributed to and was the direct cause of the injury, and the demurrer to evidence offered by defendant should have been sustained. (*c*) There was improper evidence admitted on the side of appellee against the objection of appellant. (*d*) The instruction asked by appellant and refused by the court should have been given, and the instruction given by the court of its own motion should not have been given against the objection of appellant. (2) Authorities on the first point: R. S., sec. 3511 ; 1 Greenl. Ev., secs. 51, 60. (3) Authorities on the second point: Patterson's Ry. Acc. Law, secs. 44 to 48, incl. ; *Ashbrook v. Railroad*, 18 Mo. App. 290 ; *Turner v. Railroad*, 74 Mo. 692 ; *Hixon v. Railroad*, 80 Mo. 335 ; *Powell v. Railroad*, 76 Mo. 80 ; *Lenox v. Railroad*, 76 Mo. 90 ; 1 Greenl. Ev., *supra;* 95 U. S. 697 ; 114 U. S. 615. (4) Authorities on third point : 1 Greenl. Ev. [14 Ed.] sec. 440. (5) Authorities on fourth point: *Lenox v. Railroad*, 76 Mo. 90, and authorities cited on second point.

*S. C. Major* and *Draffen & Williams*, for the respondent.

(1) The petition is sufficient, and properly states a cause of action against defendant. 1 Thomp. Negl. 461 ; *Railroad v. Goebel*, 7 West. Rep. 689 ; *Stinson v. Railroad*, 32 N. Y. 333 ; *Morris v. Railroad*, 45 Iowa, 29 ; *Mc Williams v. Mills Co.*, 31 Mich. 274. (2) No motion was filed to require petition to be made more certain. The only objection now open to defendant is that it does not state facts sufficient to constitute a cause of action. It is certainly sufficient after verdict. R. S., sec. 3582 ; *Hall v. Johnson*, 57 Mo. 521. (3) There was no evidence of contributory negligence upon plaintiff's part. He was under no obligation to keep a lookout for trains

or engines to enter upon the side-track, nor was there any negligence in not having one plank at a time handed into the car while loading it. He was loading the car with defendant's consent, and with the knowledge of defendant's employes. He had no reason whatever to anticipate the backing of a train upon the side-track, while he was working there, and for that reason was under no obligation to be prepared for such an emergency. The cases in regard to the duty of travelers at railroad crossings have no application here. "The general rule is, that to persons who are lawfully upon the track engaged in labor the railroad company owes a duty of active vigilance, and such persons have the right to become engrossed in their labor to such an extent that they may be oblivious to the approach of trains, relying as they may upon the performance of the duty imposed by law upon the railroad company with reference to them." 1 Thomp. on Neg., p. 461, sec. 3. (4) The instruction given by the court of its own motion, and that given upon the part of the plaintiff, fully covered the case. "When a railroad company puts its loaded cars upon a side-track for the purpose of being unloaded by the owners of the freight [or its empty cars to be loaded], and such owners, their agents or servants, with the express or implied consent of the company, proceed to remove said freight [or load said car] the company has no right, without special notice and warning, to run or back a train in upon the side-track, while the cars are being unloaded [or loaded]. And while in such case those engaged in the work of unloading [or loading] are not permitted to close their eyes or ears to what comes within the range of their senses, yet they may give their undivided attention to their work, and are justified in assuming that the company will not molest them or render their position hazardous without such notice or warning." *Railroad v. Goebel*, 7 West. Rep. 689. (5) The plaintiff was entitled to special notice and warning before the train backed on the side-track, and the instruction by the

court of its own motion was correct. *Railroad v. Goebel,* 7 West. Rep. 689 ; *Newson v. Railroad,* 29 N. Y. 383 ; 1 Thomp. on Neg. 461. (6) The instructions, upon the case made by the evidence, were more favorable to the defendant than it was entitled to. There was no evidence whatever of contributory negligence. (7) All of plaintiff's evidence was to the effect that no notice or warning of any kind was given. (8) Upon the testimony of defendant's conductor alone, the plaintiff was entitled to a verdict. The conductor's evidence is that he called out that he was about to back the train upon the side-track, but that he saw that the plaintiff did not seem to notice or heed it. Seeing that plaintiff did not understand the announcement, and was not acting upon it, he nevertheless recklessly allowed the train to be backed against the car without further notice. Even if plaintiff, as a prudent man, might have heard the call, and if defendant was under no obligation to give special notice and warning to him, yet when defendant's servants saw his danger, and saw that he did not understand or hear the announcement, it was gross carelessness not to give him further notice. If they saw the danger in time to have averted it, even if he had been a trespasser, it was their duty to have done so. Under this view, the defendant's refused instruction was properly refused. *Morris v. Railroad,* 45 Iowa, 29 ; *Beyman v. Railroad,* 88 Mo. 678. (9) It was perfectly competent to ask the conductor the question complained of by defendant. It was not asked to prove a fact, but to show the interest of the witness in exonerating himself, and to affect his credit. For this purpose it was proper. (10) Upon the record, the judgment was for the right party, and "there is no error in the record materially affecting the rights of the appellant."

HALL, J.—This was an action for damages on account of personal injuries alleged to have been caused by the defendant's negligence.

The material portion of the petition is as follows : "That on or about the eleventh day of June, A. D.,

1885, plaintiff entered into a contract with defendant, that defendant, in consideration of the sum of thirty-two dollars and ninety-five cents, agreed to be paid by plaintiff, agreed to carry a car-load of lumber from Franklin station, in Howard county, Missouri, to Kansas City, Missouri ; that it was necessary for defendant, preparatory to the shipment of said lumber, to place the empty car on one of defendant's side-tracks or switch at said Franklin station, at some convenient place, that plaintiff might load the lumber upon or in said car ; that defendant did place said car upon its side-track or switch at said Franklin station, and notified plaintiff of the fact ; whereupon plaintiff and his servants commenced to load said lumber on or in the car, and while plaintiff and his servants were so engaged in loading said lumber on said car, without any notice whatever, the agents, servants and employes of defendant, who were conducting and managing an engine of defendant that had backed in upon said side-track, carelessly, negligently and recklessly backed the same up against a lot of cars that were standing upon said side-track and moved the same back up and against the said car that was being loaded with lumber, by reason of which it was suddenly put in motion and backed, and one end of some lumber partially loaded in said car caught upon the depot platform ; the other end of said lumber caught plaintiff's foot between it and some lumber loaded in the car, plaintiff at the time being inside the car receiving the lumber as it was passed in to him by his employes, and plaintiff was thereby greatly bruised, hurt and injured, his foot mashed and cutting the ankle joint about four inches in length down to the bone and bruising the leg above, whereby plaintiff suffered great pain and agony, for a long space of time was confined to his bed, unable to take off his pants for three weeks, and for a long space of time unable to attend to his business, and has not recovered from said injury, but still suffers pain and great inconvenience therefrom, and is permanently injured and damaged to such an extent that he will

never recover therefrom, but is and will be suffering pain and great damage from said injuries.''

The petition clearly alleges that the defendant's servants and agents carelessly, negligently, recklessly, and without any notice whatever, backed an engine and cars against the car plaintiff was loading. The averment of the petition as to the want of notice to plaintiff is perhaps slightly awkward, but the meaning of it is clearly as just stated by us. The criticism of this averment of the petition by defendant's counsel is without merit in our opinion. ''The general rule is, that to persons who are lawfully upon the track, engaged in labor, the railroad company owes a duty of active vigilance, and such persons have a right to become engrossed in their labor to such an extent that they may be oblivious to the approach of trains, relying, as they may, upon the duty imposed by law with reference to them.'' 1 Thomp. on Neg. 461. In applying this general rule to a particular case, it has been well said : ''When a railroad company puts loaded cars upon a side-track for the purpose of being unloaded by the owners of the freight, and such owners, their agents, or servants, with the express or implied consent of the company, proceed to remove the freight, the company in such case has no right, without special notice and warning, to run or back a train in upon the side-track while the cars are being unloaded. And while in such case those engaged in the work of unloading are not permitted to close their eyes or ears to what comes within the range of those senses, yet they may give their undivided attention to their work, and are justified in assuming that the company will not molest them or render their position hazardous, without such notice or warning. That such is the law is well settled by authority." *Railroad v. Goebel*, 1 West. Rep. [Ill.] 691. In giving and refusing instructions, the trial court acted in harmony with this general rule, and properly so.

The conductor in charge of defendant's train charged with having caused the accident in controversy, testified for the defendant. He testified that it was his

duty to give notice to plaintiff, and that he did give such notice. In cross-examination, against the objections of defendant's counsel, the plaintiff's counsel was permitted to ask the following question: "Now, if you failed to give that notice, I ask you if you would be discharged?" To the question the witness made this answer: "Ten chances to one we would, if we done any damage." The question was proper for the purpose of affecting the credibility of the witness by showing his interest in testifying to the giving of notice and thus exonerating himself.

The case was fairly tried. Judgment affirmed. All concur.