## SPOTTS v. THE WABASH WESTERN RAILWAY COMPANY, *Appellant.*

### Division One, July 2, 1892.

1. **Negligence**: RAILROAD: EMPLOYES. Plaintiff's husband was one of a gang, unloading freight for an elevator company from cars on defendant's track; he was injured by the unexpected backing of other cars on an adjacent track near which he was standing while an unloaded car was being weighed. *Held*, that the sudden backward movement of the cars, without warning, in the circumstances stated in the opinion, was evidence of defendant's negligence; and that the question of plaintiff's exercise of ordinary care was also one of fact.

2. ———: ———: ———: EVIDENCE. Witnesses were allowed to testify that no signal was given of the sudden backing of the car; *held,* no error. Such evidence was admissible as of the *res gestæ*, and on the issues of negligence.

3. **Railroad**: PERSONS ON PREMISES: DUTY OF ORDINARY CARE. A railway company is chargeable with the exercise of at least ordinary care toward all persons who may lawfully be upon its premises, transacting business with it.

4. ———: ———: EVIDENCE. Evidence of prior notice to the defendant that the party of workmen, to which deceased belonged, was engaged in unloading cars about the place of injury, was properly admitted.

5. **Practice**: WAIVER. Objections not made in the trial court will be disregarded on appeal.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

STATUTORY action by the widow of Mr. Wm. B. Spotts to recover damages for his death, occasioned by alleged negligence of defendant. Verdict and judgment for plaintiff. Defendant appealed.

The material facts are stated in the opinion.

*F. W. Lehman* and *George S. Grover* for appellant.

(1) Upon the undisputed testimony in this case the court should have instructed the jury to find for the defendant, as no negligence on the part of defendant's servants was proved. *Sjogren v. Hall*, 53 Mich. 274; *Loftus v. Ferry Co.*, 84 N. Y. 455; *Moore v. Railroad*, 28 Mo. App. 622; *Railroad v. Shartle*, 97 Pa. St. 450; *Railroad v. Locke*, 112 Ind. 404. (2) The court gave improper, and refused proper, instructions. *Stone v. Hunt*, 94 Mo. 475; Patterson on Railway Accident Law, sec. 191, *et seq.; Sweeney v. Railroad*, 128 Mass. 5; *Burns v. Railroad*, 101 Mass. 51. (3) The court admitted improper evidence against the objections of defendant. *Edens v. Railroad*, 72 Mo. 212; *Waldhier v. Railroad*, 71 Mo. 514; *Ely v. Railroad*, 77 Mo. 34; *Hipsley v. Railroad*, 88 Mo. 348.

*A. R. Taylor* for respondent.

(1) The evidence was not only *prima facie* but conclusive of the negligence of the defendant causing the death. Walsh and his employes being engaged at and about defendant's tracks at the invitation of defendant and transacting business with the defendant, its servants owed them a high degree of care to avoid injuring them. "Active vigilance" is the measure of care due. 1 Thompson on Negligence, p. 461, note 3; *Mark v. Railroad*, 32 Minn. 212; *Rolling Mills v.*

*Johnson*, 114 Ill. 63; *Railroad v. Harwood*, 15 Am. & Eng. R. R. Cases, 494. (2) The defendant was actually warned beforehand that Walsh and his employes were put in peril unless defendant's servants used care in putting in cars on tracks 7 and 8. This was sufficient notice that said employes were likely to be where they would be injured if the cars on track 7 were knocked beyond the end of the rails and across the surface of the street. (3) All the evidence showed that Spotts was not standing on track 7, but south of it. Therefore, appellant's contention that its servants throwing the cars on track 7 should have known of his presence on the track, before liability for the injury could ensue, is untenable. The following authorities sustain the proposition that the deceased (if on the track) was no trespasser, and the defendant owed the duty of active vigilance, including notice to him that the cars were to be thrown back on the switch: *Railroad v. Goebel*, 119 Ill. 524: *Rolling Mills v. Johnson*, 114 Ill. 63: *Gessley v. Railroad*, 32 Mo. App. 418; *Jacobson v. Railroad*, 42 N. W. Rep. 932: *Railroad v. Hoffman*, 67 Ill. 287: Pierce on Railroads pp. 275, 276, *Moore v. Railroad*, 85 Mo. 588.

BARCLAY, J.—Mrs. Spotts, the plaintiff, recovered statutory damages ($5,000) in the circuit court for the killing of her husband, and the defendant has appealed against that judgment.

The ground of the action, as indicated by the petition, is, shortly, that Mr. Spotts met his death by reason of negligent movements and handling of defendant's cars, and of its failure to observe city ordinances requiring the engine bell to be rung while cars are moving; that a man be stationed on top of the car farthest from the engine of any backing train, etc.

O'Fallon St.

Wharf

BLOCK 226.

Ashley St.

Lewis St.

BLOCK 227.

20ᵉ Wabash Depot.

St. Grain Elevator Co.

Engine House

Boiler House

Shed

Shed

WABASH ST L. & PAC. RY    Ord. 11390

TRACK Nº 7.

TRACK Nº 8.

Shed

Scale

St. Louis Grain Elev. Co.
HOUSE    Ord. 13037

WARE

MISSISSIPPI RIVER

(Scale 100 Ft. to Inch.)

N
W    E
S

The defense put in issue the charges of negligence, and asserted contributory negligence of the deceased, which, in turn, was denied by a reply.

The plaintiff's evidence tended to account for the death of Mr. Spotts in this wise:

He was in the employ of Mr. Michael Walsh, who had a contract to furnish the necessary labor to unload cars, etc., for the St. Louis Grain Elevator Company, at the time of the accident, August 17, 1888. The place of the accident was on premises used by defendant, adjacent to the warehouse of the elevator company, on the wharf or levee near the foot of Ashley street, St. Louis. Its prominent features are shown at once by the accompanying diagram, offered in evidence by defendant, without objection.

The small parallelogram, crossed by track number 8, represents the car scales. Track number 7 ended, or disappeared from view and from use (by reason of earth or dirt covering it), at a point about opposite to and west of the scales.

A "string" of freight cars was standing on track 7, the last of which, toward the south, stood some two or three feet from the point where that track disappeared as stated. That point we shall hereafter refer to as the end of track 7, after this explanation of our meaning.

Mr. Walsh had twenty-two men engaged, on the date mentioned. They were unloading sacks of wheat from defendant's cars on track 8, and putting the sacks in the warehouse of the elevator company. When one car was unloaded, it was pushed by hand, northward, upon the scales to be weighed. The men were told to stand clear, while the clerk was weighing it. They did so. Spotts and some others took positions near the cars on track 7, a few feet south of the point where it ended. The space between those

cars and that on track 8 was two and a half feet.   Just then there was a sudden movement or jerk of the cars, southward, on track 7, which caught Spotts, threw or dragged him some fifteen or twenty feet beyond the end of that track, and inflicted injuries from which he died.   That movement was occasioned by a switch engine of defendant backing south on track 7 to shift some of the cars.

All this occurred in daylight.

No warning of any sort was given of the movement described.   Nor was there any man on top of the car farthest from the engine.

The plaintiff's relationship to the deceased was also shown.

The foregoing exhibits the substance of her case.

I.   The first point is that these facts did not warrant the submission of the cause to the jury for any finding of negligence on defendant's part.

The place of the injury was part of the public wharf of St. Louis, and the deceased and the gang to which he belonged were working, thereabout, for the elevator company, to which the contents of defendant's cars were consigned.   Defendant had notice of the particular work which the gang had on hand.   (We shall have occasion to mention that notice more particularly, further along.)   In such circumstances it is too plain for any extended discussion that defendant, in moving its cars, was bound to use reasonable care not to run down anyone of the working force, engaged as was the deceased.   The physical surroundings of the spot made it evident that some of Walsh's men were likely to stand where Spotts was standing, while the empty car was being weighed.

Defendant was chargeable with the exercise of at least ordinary care toward persons thus lawfully upon

such premises. The jury found that it failed to use such care, and we consider that there was ample evidence to support that finding.

The very movement of the car described, on track 7, speaks for itself as evidence of its negligent management in the circumstances. *Mooney v. Lumber Co.* (1891), 154 Mass. 407.

II. In this connection it may be remarked that it was proper to permit the witnesses to state that no signal or warning was given of the sudden backing of the car that did the damage. Such evidence was clearly admissible as part of the *res gestæ.* It had an obvious bearing upon the issue of negligence already discussed.

III. Error is next assigned on the admission of a statement by witness Walsh, touching prior notice to the defendant of the presence of his men about these tracks. He testified that, on the day before this accident, some cars were run southward on track 8, and struck a car from which his men were, at the time, unloading wheat. No one was hurt, but the escape from a casualty was so narrow that Walsh went at once to the foreman of the yard and had an interview with him, which he describes thus: "* * * told him: 'Mr. Wells, you want to be careful on those two tracks, they are so close together; you came near killing some of my men; they were walking out of the cars with sacks on their shoulders when you kicked in some cars there, and knocked my gangway down; and we are very busy on that track now, busier than we have been for some time, and you will have to be very careful when you work on those tracks.' He didn't say anything, and walked away; and the next day Spotts got killed; * * * Mr. Wells was the foreman of the crew of this engine that threw those cars down."

Vol. 111—25

This evidence was, no doubt, admitted to establish notice to defendant that the gang to which deceased belonged was engaged about the place of the accident, a fact, obviously, having an important bearing in forming an estimate of the care that would be reasonable in such circumstances in moving cars in close proximity thereto, but beyond that no objection was made to the admission of that statement, or exception taken to it. So we need consider it no further.

IV.   As to the issue of contributory negligence of deceased, we regard that as fairly one for the jury on these facts.

When deceased was struck he was south of the point where track 7 ended.   There was nothing to suggest the probability of any such movement of cars in that direction as actually took place.   He was not a trespasser.   The limited space available as standing room indicates that his taking position where he did, while awaiting the weighing of the empty car on track 8, was a most natural act.

But, without repeating facts already mentioned, it is enough to say that we do not consider his action in the premises as justifying a ruling that he was negligent as a matter of law.   The jury have found that he was not, as a matter of fact.

V.   It does not seem necessary to review the instructions in detail.   They submitted the case in conformity to the principles above declared.

We see no reason to reverse the judgment, or to prolong our comments upon the case.   The judgment is affirmed.   SHERWOOD, C. J., BLACK and BRACE, JJ., concur.