CHICAGO & E. R. CO. v. SHAW.

(Circuit Court of Appeals, Seventh Circuit. May 6, 1902.)

No. 793.

1. RAILROADS—INJURIES TO LICENSEES—CONTRIBUTORY NEGLIGENCE.

Plaintiff, employed by a grain shipper to superintend the transfer of grain from loaded to empty cars on adjacent tracks, found cars so situated that he supposed they were set for that purpose. Not seeing the switch engine in sight, he stepped between the cars where the work was to be done, and was struck and injured by an empty car, which had been kicked forward by a shunted car. The switch crew had given no warning. *Held*, that plaintiff was not guilty of contributory negligence.

**2. SAME—DUTY TO WARN.**
> A switch crew, knowing that the employés of a grain shipper intended to transfer grain from loaded to empty cars, were charged with a duty to warn them of their approach, and the danger likely to arise from cars being shunted on the tracks where they were at work.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

W. O. Johnson and John Stirlen, for plaintiff in error.
James C. McShane, for defendant in error.

Before JENKINS and GROSSCUP, Circuit Judges, and BAKER, District Judge.

PER CURIAM. The plaintiff in error was the defendant below in an action by the defendant in error (plaintiff below) to recover for personal injuries received in the switch yards of the plaintiff in error. The substantial facts in the case may be stated as follows: The plaintiff in error, the Chicago & Erie Railroad Company, owns and operates a railroad from the city of Chicago to points east, and maintains, in the vicinity of Fifty-First street, switch yards, consisting of a number of tracks, running north and south, and parallel with each other. The north end of four of these tracks, numbered 15, 16, 17, and 18 (track 18 being elevated, and known as the "hill" track), was reserved by the plaintiff in error for the use of Joseph Gregg and others, grain shippers on the board of trade in Chicago, in the transference of grain from cars coming to Chicago from the west into cars bound for the east. This grain was transferred from the western cars into the eastern cars, either in bulk or in sacks; the plaintiff in error placing immediately opposite the loaded cars a corresponding number of empty cars upon the adjacent track, for the purpose of receiving the grain. The defendant in error, Shaw, had been for several years an employé of Gregg, and acted in the capacity of superintendent over the several crews employed by Gregg for the above-named work. March 8, 1898, the morning of the accident out of which this action grew, Shaw was engaged in superintending the transfer of grain that had arrived in the yards of the plaintiff in error, in bulk, from the west, and the sacking and loading of the same into empty cars bound for the east. There was evidence sufficient to go to the jury tending to show that, on the morning referred to, Shaw arrived at the yards of the railroad company, and proceeded, in the execution of what he supposed were his orders, to the north end of the tracks reserved for the transfer of grain. Here he found loaded and empty cars so situated on tracks 17 and 16 that he supposed they were set for the transference of grain from the loaded cars into the empty cars. Having so informed his men, he proceeded with them along track 18, or the "hill" track, toward the cars in view, until a point at the south end of the cars was reached, when, looking in the direction in which the switch engine and crew had last been seen, and not seeing their approach, he stepped down from the "hill" track to cross track 17, and thus reach the point between the cars where the work, as he supposed, was to be done. At this moment the switching crew of the plaintiff in error shunted several loaded cars in upon track 17,

at a speed sufficient to drive or kick the empty cars there standing southward, one of which struck Shaw, threw him under the train, and inflicted the injuries for which he sued. The evidence was sufficient to go to the jury to show that no warning of the intention of the train crew had been given to Shaw or his workmen.

This evidence, if believed by the jury (and the verdict must be accepted as the result of such belief), was sufficient to show that Shaw, on the morning of the accident referred to, was acting in the line of his duty, and with his men had approached the scene of their labors with as much care and diligence as a reasonably prudent man, under similar circumstances, would have exercised.

The evidence is sufficient to show, also, that the crew of the plaintiff in error was aware of, or was chargeable with knowledge of, the intention of Shaw and his men to work at that particular point on that day, and, in view of this and other circumstances, were charged with a duty to do these men no injury. This made it incumbent upon the crew to furnish to Shaw and his men proper signal of their approach, and the danger likely to arise, and this was not done.

Upon this consideration of the evidence and the verdict, Shaw was neither a trespasser nor guilty of contributory negligence, and the railroad company was guilty of the negligence that brought about the injury. The judgment of the circuit court must be affirmed.