## JOHN LOVELL, Respondent, v. THE KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, October 1 and November 5, 1906.

1. **APPELLATE PRACTICE: Statute: Notice of Appeal.** Section 811, Revised Statutes 1899, refers only to appeals granted by appellate courts by special order under the provisions of section 810, and not to appeals taken in the trial court.

2. **RAILROADS: Negligence: Unloading Car: Consignee's Rights.** A consignee properly engaged in unloading a car at its place of delivery is as well entitled to safety from any unusual danger as he would be in receiving freight at the carrier's depot, and should be warned of any necessary movement of the car.

3. ——: ——: **Carrier's Measure of Diligence: Burden of Proof.** In moving a car set upon an unloading track to be unloaded, the carrier when it undertakes to move such car, is not required to think of and guard against a mere possibility out of the course of known events and the customary course of business and evidence is reviewed and held insufficient to send a question of negligence to the jury since the burden is upon the plaintiff to make out the negligence alleged.

Appeal from Bates Circuit Court.—*Hon. W. W. Graves,* Judge.

REVERSED AND REMANDED.

*S. W. Moore, Cyrus Crane* and *H. C. Clark* for appellant.

(1) The court erred in allowing the case to go to the jury at all. (a) The plaintiff failed to prove the case alleged in its petition. (b) Under the undisputed testimony the plaintiff was not entitled to recover. De-Bolt v. Railroad, 123 Mo. 505; Spotts v. Railroad, 111 Mo. 384; Riddings v. Railroad, 33 Mo. App. 534.

*Allen & Allen* and *Silvers & Silvers* for respondent.

(1) The plaintiff was lawfully in the car where it had been placed by the defendant to be unloaded for the purpose of unloading it. While at work sacking the corn to unload into his wagon, the defendant, without any notice or warning, struck the car with unusual and unnecessary violence and caused the grain door to fall on and injure him. The plaintiff was not guilty of any negligence. Under these facts the plaintiff was entitled to a verdict as a matter of law. Gessley v. Railroad, 32 Mo. App. 413; Spotts v. Railroad, 111 Mo. 380; Railroad v. Goebel, 119 Ill. 515; Jacobson v. Railroad, 41 Minn. 206; Railroad v. Moles, 121 Fed. Rep. 351 C. C. A.; Railroad v. Shaw, 116 Fed. Rep. 621 C. C. A.; Railroad v. Brown's Admr., 49 U. S. App. 101; Copley v. Railroad, 26 Utah 361; Watson v. Railroad, 66 Iowa 164; Bennett v. Railroad, 102 U. S. 580; Railroad v. Johnson, 114 Ill. 57; Railroad v. Charvat, 94 Md. 569; Railroad v. Bailey, 40 Miss. 395; Wetherford v. Duncan, 88 Tex. 611; Railroad v. Sydor, 82 S. W. 989; Pratt v. Railroad, 187 Mass. 5; Fisher v. Dock Co.,

87 N. Y. S. 117; Central of Georgia v. Duffy, 116 Ga. 346; Ryan v. Railroad, 115 Fed. 197; 23 Am. and Eng. Ency. Law (2 Ed.), 739-746; Shomer v. Railroad, 130 Ind. 177; Baltimore v. Peterson, 156 Ind. 372; Railroad v. Stevenson, 69 N. E. 270; Railroad v. O'Shaughnessy, 122 Ind. 588; Railroad v. Long, 112 Ind. 172; Hopkins v. Boyd, 47 N. E. 480.

JOHNSON, J.—Plaintiff was injured while engaged in sacking corn in a car standing on a side-track of defendant's railroad and alleges that his injuries were caused by the negligence of defendant. He recovered judgment in the sum of $3,500 and defendant appealed.

Plaintiff filed a motion to dismiss the appeal on the ground that it was allowed at a later term of the circuit court than that at which the judgment was rendered and no notice of appeal was given by the appellant as required by the provisions of section 811, Revised Statutes 1899. It appears the cause was tried at the October term, 1903, of the circuit court and the verdict and judgment were for plaintiff. Defendant filed a motion for a new trial in proper time but this motion was not heard until the following term when it was overruled and an appeal was allowed defendant by the circuit court at that term. The appeal therefore was taken under the provisions of sections 806, 807 and 808 of the statutes which relate to the allowance of appeals by the circuit court. Obviously section 811 refers only to appeals granted by the appellate courts by special order under the provisions of section 810 and not to appeals taken in the court where the judgment was rendered. The motion is overruled.

Defendant insists that its instruction in the nature of a demurrer to the evidence should have been given. A grain car loaded with corn had been hauled by defendant as a common carrier for hire from Kansas City to its station at Amoret for delivery to M. Reed, the

owner of an elevator at the latter place. The car arrived at Amoret on November 17, 1901, and at the request of the consignee was switched to an unloading track maintained by defendant. The railroad runs north and south through Amoret and consists of three tracks—first the main line on the east next the passing track and on the west the unloading track. Reed's elevator stands immediately west of the unloading track and so close thereto that cars of grain were frequently set opposite the door of the elevator and grain shoveled from them into the elevator. When this method of unloading was followed a piece of canvas was stretched from the floor of the car to the doorway of the elevator to catch and hold grain that would fall short in shoveling. In other instances cars of corn consigned to Reed were at his request placed for unloading on the unloading track a short distance to one side of the elevator in order that the grain could be unloaded into the wagons of customers.

There is a conflict between the witnesses relative to the place where the car in the present case was set by defendant. Defendant's agent testified that by direction of the consignee he had the car placed at the elevator door while the manager of the elevator testified that it was set to one side, for unloading into wagons. All agree that the unloading began on the 17th, and defendant's agent states that on the morning of the 18th, in preparing his car report he observed the car was only partly unloaded. Plaintiff, a farmer, purchased of the consignee one hundred bushels of corn at about noon on the 18th, and agreed to take it from the car. He wished to sack the corn before loading it into his wagon and with permission of the consignee left his team and wagon standing at the west side of the elevator and went to work in the car sacking corn. At that time perhaps one-third of the load had been removed and a space had been cleared in the middle of the car. The outer doors

were open on both sides and the inner grain doors had been raised and suspended from the ceiling by means of hooks and rings provided for that purpose. The manager of the elevator left plaintiff at work and went to lunch. Defendant's agent was at the station on the east side of the main track and could and did observe the car but could not see plaintiff at work in it and did not know he was there. Plaintiff's team and wagon were hidden from the view of the agent by the elevator and there was no sign visible to him of the presence of any one in the car and he supposed the operation of unloading had been suspended during the noon hour.

Shortly after plaintiff began work a north-bound freight train arrived and proceeded along the passing track. Plaintiff saw it through the open car door but being busy and in a hurry paid no attention to its movements. The train being scheduled to meet another at this point stopped on the passing track and proceeded to do some switching. During that operation the engine backed some cars on the unloading track and pushed them against the car in which plaintiff was at work. The impact was so severe that one of the suspended grain doors was shaken loose from one of its fastenings and swung downward striking plaintiff, who was in a stooping posture, a violent blow in the back that immediately rendered him unconscious and inflicted severe physical injuries upon him. Plaintiff had no warning of the movement of the freight engine that resulted in his injury. There is no evidence that defendant's agent had actual knowledge of the presence of plaintiff in the car nor is there any evidence tending to show that it was a practice sometimes followed and known to defendant for corn to be sacked in cars preliminary to its unloading. It was shown that under the rules of defendant a consignee of a car of grain was allowed forty-eight hours after the delivery of the car in which to unload it.

In Gessley v. Railway, 32 Mo. App. 413, we held that "When a railroad company puts loaded cars upon a sidetrack for the purpose of being unloaded by the owners of the freight and such owners, their agents or servants with the express or implied consent of the company proceed to remove the freight, the company in such case has no right, without special notice and warning, to run or back a train in upon the sidetrack while the cars are being unloaded." In Spotts v. Railway, 111 Mo. 380, the Supreme Court held that the company "was chargeable with the exercise of *at least* ordinary care towards persons thus lawfully upon such premises" and as ordinary care was the issue submitted to the jury in that case and was resolved in favor of the contention of the plaintiff the rule as stated was sufficient for the purposes of that case. A consignee properly engaged in the work of unloading a car at the place of delivery is as well entitled to safety from any unusual danger while in or about the car as he would be in receiving freight at the company's depot. He is where he is invited to be by the company and should not be compelled while so engaged to be on the lookout for unusual dangers. In the operation of a railroad it frequently occurs that the disturbance of cars placed for unloading is necessary while the unloading is being performed but in all such cases it is the duty of the company to warn those occupied in the work of unloading of the contemplated movement in time for them to give heed to their safety. [Railway v. Goebel, 119 Ill. 515; Jacobson v. Railroad, 41 Minn. 206; Ryan v. Railroad, 115 Fed. 197; Railroad v. Shaw, 116 Fed. 621; Railway v. Duncan, 88 Texas 611; Railway v. Brown's Admr., 49 U. S. App. 101.] Plaintiff being in the car rightfully at the invitation of the consignee and engaged in work connected with the process of unloading was entitled to warning of what was coming, provided we find that de-

Lovell v. Railroad.

fendant should have considered the likelihood of his presence in the car.

Conceding for argument that defendant was required to exercise more than ordinary care before disturbing the car to ascertain if any one was in it at work what is there in the circumstance disclosed to indicate that it negligently failed to perform this duty? True the agent knew the corn had been but partly removed and that men would have to work there in completing its removal but at the time in question it was customary for men so employed to be at lunch and there was no visible sign of activity about the car. A wagon would have been at its west door if the work of shoveling loose grain into wagons had been progressing and its presence there would have advised the agent of the probability that some one was in the car. Had it appeared that even occasionally corn had been sacked in the car before unloading with defendant's knowledge, the agent in the exercise of the degree of care demanded by the situation should not have contented himself with acting on the absence of visible signs of occupancy, but should have investigated enough to inform himself of the actual situation.

But in the entire absence of evidence tending to show that corn at times was sacked in the car before unloading it would be unreasonable to say the agent should have anticipated the possibility of such occurrence in this particular case. We are dealing with a question of negligence. The burden is on plaintiff to show by reasonable inference from the facts adduced that defendant failed to take a precaution prudence would have suggested to an ordinarily careful person in that situation. To say that the agent should have thought of and guarded against a mere possibility out of the course of known events would be to require of him the exercise of a degree of foresight and prudence not to be expected of the ordinarily prudent person.

The demurrer to the evidence should have been sustained. As plaintiff may be able to show the existence of the practice of sacking corn before unloading and defendant's knowledge thereof we will remand the cause for another trial. Accordingly the judgment is reversed and the cause remanded. All concur.