THOMAS HUDGENS, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, May 25, 1909.

1. RAILROADS: Duty to Exercise Care: "House Track." Where a railroad company maintains a "house track" in a city as the usual place whereon to switch freight cars for the purpose of being unloaded by the consignees of the freight, it owes to the persons engaged in unloading such freight from cars on such "house track" the duty to exercise ordinary care for their safety.

2. ————: ————: ————: Persons Engaged in Unloading Freight. A person who is employed by a consignee of freight to unload the freight from a car standing on the railroad company's house track is entitled, while on the premises of the railroad company, to the care due one who is invited to go upon premises of another.

3. CONTRIBUTORY NEGLIGENCE: Apparent Danger. Negligence cannot be imputed to a person for failing to look out for danger when he has no reason to anticipate such; or for failing to anticipate the negligence acts of another.

4. ————: Impending Danger. At the instant of impending danger men are not required to use the same deliberation that an ordinarily prudent man would exercise in the cool state of the mind.

Appeal from the Butler Circuit Court.—*Hon. J. C. Sheppard*, Judge.

AFFIRMED.

*L. F. Parker, W. F. Evans* and *James Orchard* for appellant.

*B. J. Puckett* for respondent.

The testimony of defendant's agent, Busby, shows that he knew the consignee was in charge of the car set out upon the unloading track of the defendant company; to use the agent's own language, referring to the consignee, "He was supposed to be there." This notice was equivalent to knowledge of plaintiff's danger, or, to say the least that could be said, was notice enough to put a prudent man on the alert, and is sufficient. Klockenbrink v. Railroad, 172 Mo. 627. Our contention is that plaintiff was not guilty of contributory negligence. If he had been, under the circumstances of this case, contributory negligence becomes immaterial, because defendant could have avoided the injury by the use of ordinary care. Cooney v. Railroad, 2 Mo. App. 464; Bunyan v. Railroad, 127 Mo. 12; Fiedler v. Railroad, 107 Mo. 645; Hanlon v. Railroad, 104 Mo. 389; Hicks v. Railroad, 124 Mo. 115.

NORTONI, J.—This is a suit for personal injuries. Plaintiff recovered and the defendant appeals. The evidence tended to prove that an immigrant shipped a carload of his property to the city of Poplar Bluff, on defendant's railroad. In this car were his household goods, numerous boxes and some live stock. The immigrant accompanied the shipment and had the car exclusively in his possession under his private lock and key. The car reached Poplar Bluff some time during the night and was set out by the train crew on defendant's house track at the usual place for unloading freight from cars. The conductor of the train which had transported the car instructed the proprietor of the

goods therein that the car was set at the proper place for him to proceed to unload it in the morning. The following morning the proprietor called at the defendant's depot, which was immediately adjacent to where the car was standing to interview the defendant's agent about the matter. Not finding the agent present and the car being in his possession, under his private lock and key, he proceeded at once to unload the same; that is, he first removed therefrom his live stock and afterwards a buggy, which buggy he set up on the depot platform. Thereupon he employed the plaintiff, who is a drayman, to assist him in further removing the goods. Plaintiff backed his wagon near to the car door, as is usual in such cases, and he and the proprietor proceeded to load the same. After having the wagon about loaded with numerous articles of household furniture and some boxes, one of the defendant's trains, without any warning whatever, backed with great force against the car, just as plaintiff was in the act of stepping therefrom to his wagon. The jar of the collision was such that it almost overturned the plaintiff's wagon and precipitated him to the ground beneath, thus inflicting his injuries.

The case was tried before a jury. Instructions were given for either party, but no complaint is lodged here against the same. There are two assignments only advanced for a reversal of the judgment. The first relates to the liability of defendant company under the facts in proof. That is to say, the defendant argues that the facts proved fail to disclose a situation in which obtained the obligation of ordinary care for the plaintiff's safety. Second, that the proof shows plaintiff was so culpably negligent as to preclude his right of recovery. We are not impressed with either of these arguments. It is said that as the proof fails to show that defendant's station agent had knowledge that plaintiff or his employer, the immigrant, were then engaged in unloading the car, that it was not incumbent upon the plaintiff to exercise ordinary care in switching its trains there-

about. In view of the fact that defendant did not have actual notice that the parties were engaged in unloading the car, this argument would be sound, we believe, if the injury occurred merely in the railroad yards. That is, at a point other than that usually occupied by shippers for the purpose here involved. This would proceed upon the theory that no duty rests upon a railroad company in favor of trespassers except to exercise care for their safety after seeing the peril. [3 Elliott on Railroads (2 Ed.), sec. 1258.] However, such is not the case. The testimony discloses that the car being unloaded was placed upon the house track for that purpose. That is, placed upon the track which the defendant maintained and constantly employed in receiving and discharging carload lots from and to shippers. The city of Poplar Bluff is a place of nearly ten thousand inhabitants. The defendant's house track where it receives and discharges freight by the carload in a town of such proportions is an important institution to which the defendant's patrons are constantly invited. Under these circumstances, the law certainly devolves the duty upon the defendant to exercise ordinary care all of the time in switching its trains thereabout, for at stations of such importance, cars are being loaded or unloaded nearly all of the time. This car was resting immediately adjacent to defendant's depot, at a place where the evidence shows it was customary to receive and discharge freight from the cars. In fact the house track was maintained by defendant for that purpose. Plaintiff was not a trespasser, neither was he a mere licensee, but on the contrary having been employed by the shipper, who was engaged in unloading his car, plaintiff was rightfully there as by invitation to transact business with the defendant. It is the established law that one who goes upon the premises of a railroad company in the usual course of business with it, for the purpose of loading or unloading or delivering and receiving freight, is not a mere licensee, but is entitled to the care due one

who is invited to go upon the premises of another. That is, such person is entitled to have ordinary care exercised for his safety. [Spotts v. Wabash Ry. Co., 111 Mo. 380; Gessley v. Mo. Pac. Ry. Co., 32 Mo. App. 413; Lovell v. K. C. Southern Ry. Co., 121 Mo. App. 466, 97 S. W. 193; 3 Elliott on Railroads (2 Ed.), sec. 1248, 1249.] Judge THOMPSON in his work on Negligence, says: "The general rule is that to persons who are lawfully upon the track engaged in labor, the railroad company owes the duty of active vigilance and such persons have the right to become engrossed in their labor to such an extent that they may be oblivious to the approach of trains, relying, as they may, upon the performance of the duty imposed by law upon the railroad company with reference to them." [1 Thompson on Negligence, 461.] It was the duty of defendant to exercise ordinary care at all times with respect to backing its trains in upon the house track where it had invited persons to load and unload freight, and it is immaterial whether its agent had special knowledge of the plaintiff's presence upon the particular car, or not. Having invited the public to do business with it thereat, it assumed the obligation to exercise ordinary care for their safety. Indeed, the doctrine of the cases in this State may be said to go somewhat beyond this, for notwithstanding our statute which declares all persons upon railroad tracks to be trespassers thereon, numerous decisions of the Supreme Court have declared that where the railroad company has permitted persons to pass back and forth as a common way upon their track, the obligation of ordinary care thereby arises as to such persons; and indeed, in these cases persons so passing up and down the tracks are certainly not invited. [Williams v. Kansas City, etc., Ry. Co., 96 Mo. 275; Lemay v. Mo. Pac. Ry. Co., 105 Mo. 361; see also 3 Elliott on Railroads (2 Ed.), 1252.] It appears defendant backed a long train of cars under a considerable headway of speed, upon and against the car upon which the plaintiff

was employed and this, too, without placing a brakeman or other person upon the train to keep watch or exercise any vigilance whatever for the care and safety of those who might be employed in the cars standing upon the house track. The collision thus occasioned with the car in which plaintiff was engaged, was severe and resulted in his injury. There can be no doubt that defendant owed to him the duty of ordinary care and that its conduct in so backing its train therein without warning or lookout for his safety, constituted a breach of its obligation in that behalf.

Now touching the matter of plaintiff's contributory negligence. Indeed, the suggestion · is hardly worthy of notice, for it appears plaintiff was busily engaged in the car and had no warning whatever of impending danger until the instant of the collision when some one, a mere bystander, "helloed" to those in the car, "look out, they are coming in there." Plaintiff had a right to be engaged in his duties in the car and to rely upon the performance of the duty imposed by law upon the defendant railroad company with reference to him. [1 Thompson on Negligence, sec. 461; Gessley v. Mo. Pac. Ry. Co., 32 Mo. App. 413.] Negligence is not imputable to a person for failing to look out for a danger when, under the surrounding circumstances, he had no reason to anticipate such. [Langan v. St. L., etc., Ry. Co., 72 Mo. 392.] And it is certainly the law that a party is not to be charged with negligence because he did not foresee or anticipate a negligent act on the part of the defendant. [O'Connor v. Mo. Pac. Ry. Co., 94 Mo. 150.] The mere fact that plaintiff was in the act of stepping out of the car in order to avoid the danger at the very instant of the collision, is entirely without influence on this question. Upon hearing the bystander "hello" and give warning of impending danger, plaintiff attempted to move at once to a place of safety, as any other prudent man would have done. Although plain-

tiff's wagon did not touch the car as it was situated to receive the load, it appears a box of goods was partly loaded thereon, one end of which was in the wagon and the other in the car. Hence the collision with the car partly overturned the wagon and precipitated plaintiff to the ground in his effort to get out of the car. At the instant of impending danger, men are not required to stop and determine upon the safest course to pursue. It is excusable, when acting under the excitement of the occasion, to act with celerity, and it may be with less care than an ordinarily prudent man would exercise in a cool state of mind. That degree of care which an ordinarily prudent person would exercise under all of the circumstances, considering the dangers threatened, is the care to which the plaintiff was bound. It is obvious that ordinarily prudent men, when threatened with impending danger, frequently act with haste as plaintiff did.

The assignment will be overruled and the judgment affirmed. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.