### CHICAGO, ST. P., M. & O. RY. CO. v. NELSON.

(Circuit Court of Appeals, Eighth Circuit. July 7, 1915.)

No. 4359.

1. NEGLIGENCE ☞136—QUESTION OF LAW—EVIDENCE.

Questions of negligence are not questions of law, justifying direction of a verdict, except where all reasonable men must draw the same conclusions from the evidence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. ☞136.]

2. RAILROADS ☞400—DEATH OF PERSON ON TRACK—NEGLIGENCE—QUESTION FOR JURY.

Proof that a railway company backed without any warning a train of five cars over the track, where it knew laborers of a city were at work in constructing a sewer under the track, was sufficient to require submission to the jury of the issue whether the company exercised due care for the safety of the laborers, who, by virtue of an agreement between the company and the city, were not trespassers, but rightfully on the track.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1365–1381; Dec. Dig. ☞400.]

3. APPEAL AND ERROR ☞1068—HARMLESS ERROR—ERRONEOUS SUBMISSION OF ISSUES.

Error in submitting to the jury a ground of negligence, arising from the fact that there was no substantial evidence to warrant a finding of negligence, was not prejudicial, where the record showed conclusively that it could not possibly have affected the result of the trial, especially in view of the statement by the court to the jury that in its opinion the evidence on that ground of negligence was insufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. ☞1068.]

4. RAILROADS ☞400—DEATH OF PERSON ON TRACK—NEGLIGENCE—EVIDENCE.

An employé of a city worked on a sewer under the tracks of a railroad company, and was killed by a train backing over the track. Workmen who were within a few feet of the employé testified that they did not hear any bell. The fireman testified that he gave the cord one pull when

the train started, and that the bell tapped. The engineer testified that the bell was tapped. The train was only from three to six feet from the place where the employé was at work. Switching of many trains was being conducted at the time. *Held* to authorize the submission to the jury of the issue whether the bell was ringing when the train was backing.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1365–1381; Dec. Dig. ⬤═400.]

**5.** RAILROADS ⬤═400—DEATH OF PERSON ON TRACK—NEGLIGENCE—FAILURE TO KEEP A LOOKOUT.

Whether a railway company, backing a train without keeping a lookout on the rear of the train, while knowing that men were at work on its tracks constructing a sewer for a city, was negligent, was properly submitted to the jury, though it was not a custom of the company, when backing trains, to have a rear brakeman, for there was nothing to show that the workman killed by the train knew of the custom.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1365–1381; Dec. Dig. ⬤═400.]

**6.** RAILROADS ⬤═367—DEATH OF PERSON ON TRACK—NEGLIGENCE—CUSTOM.

The custom of a railway company not to have a rear brakeman when backing a train does not relieve it from liability for the death of a person rightfully on the track and struck by the train, if the accident would not have occurred had due diligence been exercised.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1257, 1258; Dec. Dig. ⬤═367.]

**7.** MASTER AND SERVANT ⬤═203—ASSUMPTION OF RISK—APPLICABILITY OF DOCTRINE.

The doctrine of assumption of risk applies only where the relation of master and servant exists, and in an action for the death of a person struck by a train it is not error to refuse to charge that decedent assumed the risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 538–543; Dec. Dig. ⬤═203.]

**8.** APPEAL AND ERROR ⬤═959—PLEADING ⬤═236—QUESTIONS REVIEWABLE—DISCRETION OF TRIAL COURT—ALLOWANCE OF AMENDMENTS.

Allowance of amendment to the complaint rests in the court's discretion, and in absence of abuse of discretion, it is not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3825–3831; Dec. Dig. ⬤═959; Pleading, Cent. Dig. §§ 601, 605; Dec. Dig. ⬤═236.]

**9.** PLEADING ⬤═236—PLEADINGS—AMENDMENTS.

The allowance of an amendment to the complaint, in an action for the death of a person struck by a backing train, by specifically alleging that at the time of the accident it was the rule and custom of the company to have a brakeman on the rear car of a moving train when backing, was not an abuse of discretion, for it was immaterial whether there was such a rule or custom.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 601, 605; Dec. Dig. ⬤═236.]

**10.** RAILROADS ⬤═376—DEATH OF PERSON ON TRACK—EVIDENCE—ADMISSIBILITY.

An agreement between a city and a railroad company, which permits the city to construct a sewer under switch tracks, and which requires the city to so construct and maintain the sewer that it shall not damage the tracks, and which provides that the city will save harmless the company from injuries to persons while making the sewer, does not relieve the company from liability for death of an employé of the city at work on the sewer, caused by the negligence of the company in backing a train

over him, in the absence of any proof that the employé knew of the agreement.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1275–1279; Dec. Dig. ☞376.]

In Error to the District Court of the United 'States for the District of Minnesota; Page Morris, Judge.

Action by Ingrid Nelson, as administratrix of Nels A. Nelson, deceased, against the Chicago, St. Paul, Minneapolis & Omaha Railway Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

For convenience the parties will be referred to as they appeared in the court below, the defendant in error as the plaintiff, and the plaintiff in error as the defendant. The facts material to a determination of the issues involved herein, as set out in the complaint, are that plaintiff's intestate, who was her husband, was in the employ of the city of Minneapolis, engaged in assisting in the construction of a sewer in that city, which was to be laid, in part, under the tracks of the defendant; the work had been begun near the west bank of the Mississippi river and progressed to the east; that on the day of the accident, which resulted in the death of Nelson, the work was progressing under one of the tracks of the defendant, and it was the duty of the decedent to stand upon said tracks between the rails and hand to the workmen in the sewer sheathing to be used to prevent the dirt and sand from falling into the excavation for the sewer; that at the place where the accident occurred there were a large number of switch tracks, over which switching trains were continuously running back and forth, causing a great deal of noise; that while the decedent was thus lawfully occupied in his employment, facing east, the defendant carelessly and negligently caused a train, consisting of an engine and five freight cars, to back rapidly, ringing no bell, and having placed no flagman or other guard, either at the place where the work was being done or on the rear car of the train, or giving any signal or other warning of any sort whatsoever of the approach of the train; that by reason of its negligence the decedent was run over, and so seriously injured that he died soon after from said injuries, leaving a wife and daughter, who were wholly dependent on him, surviving.

During the trial the plaintiff was permitted to amend the complaint by specifically alleging that at the time of the accident it was the rule and custom of the defendant to have a brakeman or watchman on the rear car of a moving train when backing. This was against the objections of the defendant and was excepted to. The answer pleaded contributory negligence and want of ordinary care; assumption of risk of said danger; that the sewer construction was "done under and by virtue of a contract of license duly entered into by and between the city of Minneapolis and this defendant, which contract bears date July 7, 1913, and that in said work of sewer construction the employés of the city of Minneapolis were present on the premises of the defendant, and in, under, and about its switching tracks; and that in said contract of license for the construction of said sewer, among other things, it is provided by paragraph 5, as follows: 'The said city will so construct and maintain said sewer that it shall not at any time damage the tracks or other property of said railway company, or be a menace to the safety of its operation, and will indemnify and save harmless the said railway company from all loss and damage to its tracks, roadbed, structures, rolling stock, and its other property, and from injuries to persons and to their property, caused while making, maintaining, or repairing the said sewer across the land of said railway company.' "

The trial was to a jury, which returned a verdict for the plaintiff. A motion for a new trial was filed by the defendant and by the court overruled. The assignments of error are 30 in number, many of them merely repetitions, and others to the effect that the verdict of the jury was against the evidence

and against the law. The assignments of error upon which the defendant, in its brief, relies for a reversal are: (1) The refusal of the court to direct a verdict in its favor. (2) That the court erred in submitting to the jury the question of negligence in running the train at a high rate of speed. (3) That the court erred in submitting to the jury the question whether the bell on this engine was ringing when the train backed. (4) That it was error to submit to the jury the question whether it was negligence on the part of the defendant in not having a guard at the place of the accident or on the rear car of the train while it was backing. (5) That the court erred in refusing to instruct the jury that the decedent assumed the risk, in the absence of proof that it was the custom of the defendant to have a man on the rear car of a train when backing. (6) That it was error to refuse the introduction by the defendant of its contract with the city of Minneapolis in relation to the construction of the sewer under its tracks.

George W. Peterson and James B. Sheean, both of St. Paul, Minn., for plaintiff in error.

Jesse Van Valkenburg, of Minneapolis, Minn., for defendant in error.

Before ADAMS, Circuit Judge, and TRIEBER and REED, District Judges.

TRIEBER, District Judge (after stating the facts as above). [1] Did the court err in refusing to direct a verdict in favor of the defendant? The general rule is that questions of negligence do not become questions of law, which justify the direction of a verdict, except where all reasonable men must draw the same conclusions from the evidence. Kreigh v. Westinghouse, Church, Kerr & Co., 214 U. S. 249, 258, 29 Sup. Ct. 619, 53 L. Ed. 984; Delk v. St. L. & S. F. Ry. Co., 220 U. S. 580, 31 Sup. Ct. 617, 55 L. Ed. 590; Hart v. Northern Pacific R. Co., 196 Fed. 180, 116 C. C. A. 12.

[2] In our opinion the plaintiff was entitled to have the cause submitted to the jury upon the undisputed evidence. That evidence established that the decedent was on the track in the discharge of his employment by the city, engaged in the construction of a sewer under the defendant's tracks; that an excavation had been made between these tracks, and he was handing to the workmen below sheathing necessary in the construction of the sewer; that while so employed a train, consisting of a locomotive and five freight cars, backed to the place where he was at work, ran over him and injured him so seriously that he died shortly thereafter from said injuries; that there was no guard at that place to warn him, nor a brakeman on the rear end of the train to warn the decedent or signal to the engineer of the danger to one on the track in order that he might stop the train and prevent the destruction of human life. Evidence that a railway company backed a train of five cars over a place where it was known laborers were engaged in work, without any precautions to warn them of the approach of the train whereby the injury could have been prevented, is clearly sufficient to require the submission to the jury whether the railway company exercised due care for the safety of men working at that place, when, as was conceded by counsel for the defendant at the trial, the decedent was not a trespasser but was rightly there. Grand Trunk Railway

Co. v. Ives, 144 U. S. 408, 417, 12 Sup. Ct. 679, 36 L. Ed. 485; Chicago & Erie R. R. Co. v. Shaw, 116 Fed. 621, 54 C. C. A. 77. The facts clearly were of such a nature that all reasonable men would not draw the same conclusion from them, especially that there was no negligence.

[3] The question of whether the train was run at a negligent rate of speed ought not to have been submitted to the jury, as there was no substantial evidence to warrant such a finding. While it is a well-recognized principle of law that any error in the charge to the jury is presumed to be prejudicial, the record in this case shows conclusively that it could not possibly have affected the result of the trial, especially in view of the statement by the court to the jury that in its opinion the evidence on that allegation was insufficient.

[4] The submission to the jury of the question whether the bell was ringing when the train was backing was clearly proper. The workmen engaged in the construction of the sewer, and who were within a few feet of the decedent, all testified that they did not hear any bell. The fireman on the locomotive testified that he gave the cord one pull when the train started and that it tapped. The engineer testified that it was tapped, but neither he nor the fireman testified that it was ringing while the train was backing. Besides, considering the distance of the locomotive from the place where the decedent was standing, being five car lengths from the end of the train, the noise in a railroad yard having about twenty switching tracks, and where the switching of may trains was being conducted, it would hardly be a sufficient warning under the circumstances, especially if, as claimed on behalf of the defendant, the train was only from three to six feet from the place where the decedent was at work.

[5, 6] The court properly submitted to the jury the question whether the defendant was guilty of negligence in not keeping a lookout on the rear of the train, knowing that men were at work on its tracks. The fact that it was not the custom of the defendant when backing its trains to have a rear brakeman does not relieve it of responsibility for an injury caused by reason of such omission. There is nothing to show that the decedent knew of this custom. Besides, custom cannot excuse negligence, and will not relieve from liability, if the injury would not have occurred, had due diligence been exercised. Parker v. Cushman, 195 Fed. 715, 117 C. C. A. 71; American Car & Foundry Co. v. Uss, 211 Fed. 862, 868, 128 C. C. A. 240, 426. Had there been a brakeman on the rear end of the train to warn the decedent or the engineer in charge of the locomotive, the accident could not have occurred.

[7] Nor was it error to refuse to charge the jury that the decedent had assumed the risk, as that doctrine only applies where the relationship of master and servant exists. There was no substantial evidence whatever that the decedent was guilty of contributory negligence. Still the court submitted that issue to the jury, and the finding was against the defendant. The decedent had a right to be on the track, and the defendant knew he was there.

[8, 9] The permission by the court of the amendment to the com-

plaint was a matter of discretion, and in the absence of an abuse of such discretion it will not constitute reversible error. In this case there was no such abuse of discretion. Peaslee v. Railway Transfer Co., 120 Minn. 347, 350, 139 N. W. 613. Nor was it really material, as hereinbefore stated, whether it was a rule or custom of the defendant to have a brakeman on the rear end of the train when backing. When a person is rightfully at a place with the knowledge of the railroad company, the most that it can claim is that the question of contributory negligence be submitted to the jury, which was done in this case.

[10] The refusal of the court to admit in evidence the agreement between the defendant and the city of Minneapolis was clearly right. There was no proof that decedent knew of it, and the agreement only affected the rights of the contracting parties. The defendant recognized that to be the law, for in its answer it states that it had served a notice of liability over, and a tender of defense of this action to the city.

The verdict is amply sustained by the evidence, and a careful examination of the record fails to show any reversible error. The judgment is affirmed.